## THE STATE *vs.* NATHAN F. MILLER.

The words, " against the peace," are not essential to the validity of a complaint for a violation of the statute passed in 1854, entitled " an act for the suppression of intemperance."

THIS was a complaint, preferred by three residents of the town of Bloomfield against Nathan F. Miller, to a justice of the peace, for a violation of the act of 1854, for the suppression of intemperance. The complaint embraced several counts substantially alike in form, but alleging the sale of intoxicating liquors on different days.

The first count stated that the defendant, " on or about the first day of September, 1854, at said Bloomfield, did sell intoxicating liquor to Porter Whiton of said Bloomfield, contrary to the statute in such case made and provided." But the complaint contained no averment that the acts charged were " against the peace."

The defendant was found guilty, by the justice, upon each of said counts, and sentenced to pay a fine of one hundred and fifty dollars and costs. The defendant having appealed the cause to the county court, at the term holden in November, 1854, it was then tried, but the jury were unable to agree upon a verdict. The cause by continuance then came to the term of the superior court, holden in October, 1855, when the defendant demurred to the complaint, and the case was thereupon reserved for the advice of this court.

*Hubbard* in support of the demurrer.

The averment, that the acts charged were against the peace, is essential, and has been so held every where, and at all times. 2 Hale P. C., 188. 1 Chit. Cr. L., 246. 10 E. C. L. R., 167. Stark. Cr. Pl., 232. Arch. Cr. Pl., 68. Gabbetts Cr. Law, 243. 2 Sw. Dig., 382. Barbour Cr. Law, 335.

Nearly all the states of the union have provided for this averment, by constitutional enactment. Whart. Cr. Law, 109.

These provisions are declaratory of the law. *Anderson* v. *the State*, 5 Pike, 445.

*Hooker* and *Cornwall* against the demurrer.

The averment, "against the peace," is not necessary to the validity of an indictment.

1. It has never been so decided in this state.

2. Our practice, both civil and criminal, is very simple. There is no state where unnecessary technicalities are more discountenanced. (See authorities infra.)

3. The averment, as ordinarily used by us, has lost all its meaning. The ancient form was "against the peace of our lord the king," or "of the late king," and in other states it is generally "against the peace of the commonwealth," or "peace and dignity of the commonwealth." We have cut it down to "against the peace," not the peace of the state, nor the public peace, but simply, the peace. It has thus become the barest and most unmeaning technicality.

4. The averment is legally contained in the expression, "against the statute," &c., since, if it is against the statute, it is necessarily against the public peace; and the law will infer this.

5. The whole current of decisions and of legislation is against technicalities in declarations and indictments, and in favor of the only sensible rule that nothing need be averred but what must be proved. 2 Green's (Iowa) R., 289–291. Wheaton Cr. Law, 149.

A recent English statute (7 Geo. 4,) provides that no indictment &c. shall be invalid, on account of the omission of, (among many other technical expressions,) the words "against the peace."

The Massachusetts statute does the same, including this very term, and the words "contrary to the statute," &c.

A New York statute provides that no indictment shall be

held invalid, by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant. We ought not now to establish, for the first time, the necessity of a technicality which other states are discarding.

That this technicality is utterly unnecessary for any purpose of justice, is made evident by these enactments.

II. But if such averment be necessary in an indictment, it is not in a complaint, and especially in a complaint for a statutory offence. *Rawson* v. *State*, 19 Conn. R., 296. 2 Mason, 148. 1 Burr., 400.

III. If necessary in complaints generally, yet it clearly is not necessary in complaints under the law for the suppression of intemperance.

This law impliedly, and to some extent expressly, provides against the necessity of technicalities, in proceedings under it. It was intended to avoid all technical embarrassments in the execution, and to make proceedings under it simple, plain and easy.

ELLSWORTH, J. We are of opinion, that this information is sufficient, and the demurrer must be overruled. Since the cases of *Goddard* v. *The State*, 12 Conn. R., 448, *Barth* v. *The State*, 18 Conn. R., 432, *Whiting* v. *The State*, 14 Conn. R., 488, *Rawson* v. *The State*, 19 Conn. R., 292, and *Barnes* v. *The State*, 20 Conn. R., 232, we cannot think that the words *contra pacem* are necessary in a grand juror's complaint for a misdemeanor, especially for the violation of a statute, which, in its twenty-fourth section, has declared that such technicality shall not be necessary. If such an omission would ever have been fatal at the common law, it would not be so at this time, for in England, as well as in New York and Massachusetts, if not in other states, such technicality was found so unmeaning and useless, that statutes have been passed to do it all away. This whole subject has been so fully and so ably discussed by the late

chief justice Church, in *Rawson* v. *The State*, 19 Conn. R., 292, that we need only refer to that case, for the reasons why we have come to the conclusion already stated.

We advise that the demurrer be overruled.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Demurrer overruled.