Ellsworth, J.
We think the - motion in arrest should be. overruled.
The objection of duplicity, as founded on a supposed union of two offenses in one count,.is not well taken.' We are satisfied that, on a just view of the grand-juror’s complaint, there are here two counts. The first, it is true, is not very formal in its conclusion, but after the repeated decisions of this court upon complaints by grand-jurors, we can not think it proper to hold this count bad in form. In the State v. Miller, 24 Conn., 519, it was decided that the words contra pacem are not essential in such complaints. Nor is the omission of the other words which are usually inserted—“ contrary to the form of the statute”—a fatal omission in the present case, for the offense charged is a common law offense.
If however we are wrong in this, and the complaint does really contain in one count a charge of two distinct acts—that is, the taking of two robes, it is by no means certain that more was meant, or is to be regarded as alleged, than that two robes were taken at the same time, making one theft. This we believe might have been the intention of the pleader.
But if in this too we are wrong, the whole defect in the complaint is merely formal, and consists wholly in its duplicity. Now, in civil cases, duplicity is cured by verdict, and we think at this day it would be held to be so in criminal cases. This is the opinion of Archbold, one of our best writers on criminal practice, and this court has substantially held the same in the case of The State v. Miller, 24 Conn., 530, and in that of The State v. Kilbourn, 9 id., 560. See Arch. Crirn. Law, 53.
We need not add, that there is in our courts, as in courts *190 elsewhere, a decided, and we think judicious, relaxation of technical rules with regard to the formality required [ *232 ] in, the *drafting of complaints by grand-jurors. Whiting v. The State, 14 Conn., 490. Rawson v. The State, 19 id., 295. Goddard v. The State, 12 id., 448, and The State v. Miller, above referred to.
The motion in arrest should be- overruled.
In this opinion the other judges concurred.
Motion in arrest overruled.