## SIMONS v. THE STATE.

INDICTMENT.—LIQUOR LAW.—Indictment charging that A did, on, &c., "sell and give away certain intoxicating liquors, at and for the sum of ten cents," to a minor. The evidence showed that the liquor had been given away.

*Held,* that the giving away of intoxicating liquor to a minor is an indictable offense under the statute.

*Held,* also, that the charge was double, and the indictment probably bad, on motion to quash, but the fault in the pleading could not be reached by a motion for a new trial.

APPEAL from the *Jennings* Circuit Court.

FRAZER, C. J.—This was an indictment against the appellant, charging that he "did," &c., sell and give away certain intoxicating liquors, at and for the sum of ten cents," to a person under the age of twenty-one years. A plea of

not guilty was entered, and a trial had, which resulted in a verdict of guilty. A motion for a new trial was overruled, and this is the only error assigned which need be noticed, inasmuch as its determination necessarily settles every other question.

The evidence established the charge of giving to an infant, but not of selling, and the appellant contends that such giving, without other facts, does not constitute an offense. It seems to us that the statute is plainly against this proposition. It expressly enacts that, "if any person shall sell, barter or give away any intoxicating liquors to any person under the age of twenty-one years, &c., the person so offending shall be fined," &c.

The judgment is affirmed, with costs.

#### OPINION ON PETITION FOR REHEARING.

FRAZER, C. J.—The only question presented for our consideration on the hearing, was fully decided in the original opinion. We are now asked to pass upon another point, which, though not previously suggested by the appellant's counsel, was nevertheless fully considered in the consultation of the judges, but no allusion was made to it in the opinion, for the reason that we supposed it was not desired. Though it is too late on petition for a rehearing to present a point in argument for the first time, we have chosen in this case to relax that rule, for the purpose of giving our unqualified sanction ↄ the proposition expressed in the argument more doubtingly than it need be, that the same rules that apply to other criminal cases apply also to those of this particular class.

The point now urged is, that there was a fatal variance between the proof and the charge, the latter alleging a sale, and the proof establishing a giving. We understand the indictment as clearly charging both a giving and selling. It is very true that this was bad pleading, and if a motion to quash had been made it must probably have been sustained. The charge was double, or else could not possibly

have been true in both forms as to one drink of liquor, but the fault in pleading could not be reached by a motion for a new trial. There should have been two counts in the indictment, one for selling and the other for giving, if there was doubt as to which charge the evidence would sustain. But if the defendant goes to trial upon such an indictment as this was, it is sufficient if the evidence sustains one of the charges. A verdict that he is guilty of one charge, and taking no notice of the other, is equivalent to a verdict of not guilty as to the latter, and will bar another prosecution for it.

The petition for a rehearing is overruled.

*H. W. Harrington*, for appellant.

*D. E. Williamson*, Attorney General, for the State.