THE PEOPLE OF THE STATE OF CALIFORNIA v.
FRANCIS BURGESS.

BURGLARY—INDICTMENT AND PROOF AS TO HOUR OF COMMISSION.—The hour of the
night at which a burglary is committed need not be laid in the indictment; and
if laid, need not be proved as laid.

IDEM.—Neither under the statute nor at common law is it essential that the act
should be committed at a particular hour of the night to constitute burglary;
the particular time of the night is not, therefore, of the essence of the crime.

WAIVER OF DEFECT IN INDICTMENT FOR CHARGING TWO OFFENSES.—A failure to
demur to an indictment on the ground that it charges two or more offenses,
operates as a waiver of such defect if it exists.

APPEAL from the County Court of Napa County.

The defendant was indicted, tried, and convicted, in Napa
County, of the crime of burglary. The charging part of
the indictment was as follows:

" The said Francis Burgess, in the night time, at the hour
of four o'clock A. M. of the 2d day of February, A. D. 1868,
*  *  *  did, at the County of Napa aforesaid, to wit: in
the Town of Napa City, in the county and State aforesaid,
feloniously and burglariously, with force and arms, enter the
house of J. M. Nichols,  *  *  *  with intent to commit
petit larceny, by burglariously and feloniously stealing, tak-
ing, and carrying away the goods and chattels in said house
then and there being, consisting of one pair of boots, of the
value of thirteen dollars, and a pair of spurs, of the value
of four dollars and fifty cents, being the special property of
William Quinton, contrary to the form of the statute," etc.

On the trial defendant's counsel asked the Court to instruct
the jury as follows: "The time must be proved as laid in the
indictment, and if the prosecution fail to establish that the
offense was committed at four o'clock A. M. of February
2d, 1868, your verdict must be not guilty." The Court
refused the instruction, and defendant excepted.

By the judgment the defendant was sentenced to three
years imprisonment in the State Prison, but the judgment

did not specify any day for the commencement or termination of such imprisonment.

The defendant appealed from the judgment, and from an order denying his motion for a new trial.

*Coghlan & Edgerton,* and *J. W. Coffroth,* for Appellant. ·

The Court erred in refusing defendant's instruction, as requested. The averment of time contained in the indictment was a material descriptive averment. (1 Whar. A. C. L. 629; Sec. 58 Act concerning crimes and punishments.)

All descriptive averments must be proved as laid. (*State* v. *Carrey,* 19 N. H. 135; *Dick* v. *State,* 30 Miss., 1 George, 631; *State* v. *Langley,* 34 N. H. 529; *State* v. *Copp,* 15 N. H. 212; *U. S.* v. *Foye,* 1 Curtis C. C. 362; *Humphries* v. *State,* 5 Mo. 204.)

The averment contained in the indictment as to the hour of the commission of the alleged offense, being a descriptive averment, must be proved as laid, even if unnecessarily made. (*U. S.* v. *Keeve,* 1 McLean, 444; *State* v. *Brown,* 3 McLean, 233; *Humphries* v. *State,* 5 Mo. 204; 7 Mo. 181; 20 Mo. 61, 62; 31 Mo. 121; 19 Mo. 380; 7 Ind. 660; 7 Iowa, 242; 8 Iowa, 523; 1 Greenl. Ev. 77; 1 Met., Ky., 368.)

*Jo Hamilton, Attorney General,* for the People.

The Court properly refused the instruction asked by appellant. The averment contained in the indictment as to time, was immaterial, and it was not necessary to be proved as laid. (3 Chitty C. L., Sec. 1,109; 1 Chitty, 219; Whar. A. C. L., Sec. 1,612; *People* v. *Littlefield,* 5 Cal. 355.)

By the Court, SANDERSON, J.:

In refusing to charge the jury that the prosecution must prove that the burglary was committed at the precise hour alleged in the indictment, the Court below did not err. The

precise hour need not be stated in the indictment; it is sufficient to allege generally that the burglary was committed in the night time, and if a particular hour is named, it is not necessary that it should be proved.

It was usual at common law to allege that the burglary was committed in the night time, at or about a certain hour, but it was not necessary that the evidence should conform strictly to the latter allegation. (2 East's Pleas of the Crown, 513.) While there are cases to the contrary, we consider that it was not, at the common law, necessary to allege the hour, although it was usual to state it. (Wharton's A. C. L., Secs. 270, 1,612.) The general rule was that time was immaterial, and need not be alleged, unless it was of the essence of the offense. To constitute the offense of burglary, it was necessary that it should be committed in the night time, and, therefore, it must be so alleged; but it was not necessary that it should be committed at any particular hour of the night, and, therefore, a particular hour need not be alleged. The only reason ever given, so far as we are advised, why the hour should be stated, was given by Mr. Justice Gould, in *Waddington's Case*. He said, that as the rule now established was that a burglary could not be committed during the twilight, it was, therefore, necessary to specify the hour in order that the act might appear upon the face of the indictment to have been done between the twilight of the evening and that of the morning. (2 East's P. C. *supra*.) This reasoning is inconclusive. If it is necessary to allege the hour to show that the act was not committed in the evening or morning twilight, it must, by parity of reason, be necessary to allege the hour for the purpose of showing that it was not committed in the daytime.

But, be the common law rule what it may, we hold, under the practice in this State, that the hour need not be alleged, and, if alleged, need not be proved as laid. So far as time is of the essence of the offense, it must be both alleged and proved, but no further. If, to constitute burglary under the statute under which this indictment was found, it was neces-

sary that the act should be committed at a particular hour in the night time, the hour would be of the essence of the offense, and would have to be alleged and proved as laid; but, as such is not the case, and as an act is no less burglarious if committed at one hour in the night time than it is if committed at another, we hold that the hour is not of the essence of burglary, and therefore need be neither alleged nor proved.

The point to the effect that the indictment charges two offenses—burglary and larceny—is without any foundation. No larceny is charged, but merely the intent to commit a larceny of certain goods, which are described. The indictment in *Garnett's Case*, (29 Cal. 622,) to which counsel have referred, in terms, charged both a burglary and a larceny. But were it otherwise, and did the indictment charge two distinct offenses, all objection to it on that ground was waived by a failure to demur. (*Shotwell's Case*, 27 Cal. 394.)

The objections to the form of the judgment are equally untenable. (*People* v. *Hughes*, 29 Cal. 257; *Ex parte Gibson*, 31 Cal. 619.)

Judgment and order affirmed.

Mr. Justice RHODES expressed no opinion.