## NAPOLEON WHITE, PLANTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The Statute (McClellan's Digest, 621,) requires the County Commissioners to select from the registered voters of the county a list of three hundred persons, properly qualified to serve as jurors, which list, certified and signed by the chairman of. the board, shall be forthwith delivered to the clerk, and by him recorded in the minutes of the County Commissioners, but does not require such list to be recorded in the minutes of the Circuit Court.

2. The defendant requested the judge to give a certain charge, which was given, but the judge failed to sign and seal the charge, and to declare the charge given: *Held*, not to be error, as the defendent had the benefit of the charge, and as there was no exception at the time to the failure of the judge to sign and seal the charge, or to pronounce the charge given.

3. When it is alleged in a motion for new trial, that the judge used improper language to or in the presence of the jury, the language imputed to the judge will not be considered by the Appellate Court if not incorporated in a bill of exceptions.

Writ of Error to the Circuit Court for Leon County.

The facts of the case are stated in the opinion.

*Geo. W. Walker* and *J. S. Beard* for Plaintiff in Error.

### I.

The Court erred in overruling defendant's plea in abatement. McClellan's Digest, page 621, Sec. 7.

### II.

The judge erred in not sealing his charge to the jury. The record shows that the verdict was rendered on the 17th day of January, A. D. 1890, and the judge did not affix his seal until the 21st day of January, 1890. The judge also erred in not signing and sealing the instructions prayed for by defendant's attorney, nor did the judge " declare to the jury, in writing, his rulings thereupon, as presented, and pronounce the same to the jury as given or refused."

Baker vs. State, 17th Fla., 406.

Potsdamer vs. State, 17th Fla., 845.

Southern Express Co. vs. Van Meter, 18th Fla., 783.

It is true that exception to these omissions of the judge was not taken until after verdict rendered, and that this court held in the cases of Potsdamer and the Southern Express Co., that such omissions should be excepted to at that time; but these decisions were rendered before the passage of Chapter 3431, Acts of 1883, which allows either party in a civil suit, or the defendant in a criminal cause, after verdict, to embody in his motion for a new trial, such portions of the judge's charge as may be deemed erroneous. The defendant in the case at bar embodied these omissions of the judge in his motion for a new trial. Chapter 2096, Acts of 1877, makes it mandatory upon the judge, in a capital case, to deliver his charge in writing, and to sign and seal the same, and also to sign and seal all instructions prayed by the parties, as well as those given as those refused, and to "declare in writing, to the jury, his ruling thereupon, and to pronounce the same to the jury as given or refused." These statutory requirements are mandatory and are essential portions of the charge and instructions, and the omission of all or any of them, are such omissions of portions of the charge required by law, as can be embodied in a motion for a new trial.

### III.

The Court in overruling defendant's question to witness, Hill: "Do you know anything of the character of the deceased?" said: "I will not allow a man who has killed his wife, to bring the character of his wife in question." The Court assumed that defendant had killed his wife. This was a question of fact for the jury to determine. It was the fact for which he was on trial and a conclusion for the jury

to draw from the testimony.   A statement by the judge of
this conclusion as a fact proven, necessarily influenced and
probably  determined the jury  in  their  verdict of guilty.

It has  been held  by  this court in  cases of Earnest  vs.
State, 20th Fla., 383; Dukes vs. State, 14th Fla.; Newton vs.
State,  21st Fla., 57 ; Savage and James vs.  State, 18th Fla.;
Irving  vs.  State,  19th  Fla., for  the  court in  a  trial for
murder  to take the  fact of premeditation from the jury, is
error fatal to the verdict.

Premeditation is only one of the facts necessary  to con-
stitute murder in the first degree, but in the case at bar, the
judge stated as proved, the main fact, the conclusion which,
it was the  province of the  jury to draw  from all the testi-
mony submitted to them,  to find a  verdict of guilty.   The
jury had  nothing  to conclude,  the  Court invaded  their
province and  concluded for  them.   It was depriving the
prisoner  of the  right guaranteed  him by  Section 3 of the
Bill of Rights :  " The right of trial by jury shall be secured
to all, and remain inviolate forever."

" When the judge undertakes  to  decide on  facts and
inferences which ought properly  to be left to  the jury, the
judgment will be reversed and a new  trial awarded."

4th Dev. (N. C.), 257.                          .

Hilliard on New Trials page 291, Sec. 54.

" The  declaration of the  judge which  was  a  virtual
instruction, was merely oral, and therefore illegal." 3 Bush.
(Ky.) 532.

In Newton vs. State, it was held  error for the judge  not
to stop the prosecuting attorney when he was stating in his
argument matter not in evidence, as  such  statements were
prejudicial to the rights of defendant.   *A fortiori* for the
Court to state such  matter is more prejudicial to  prisoner,
and greater error.

## IV.

The judge, when defendant's attorney was reading from Taylor's Medical Jurisprudence, asked the attorney what book he was reading from, and remaked that a few years ago, it was a craze at the North to defend criminals upon the ground of insanity. Such remarks and declarations from the judge are prejudicial, and influence the jury against prisoner, and is obnoxious to the same objection as to the foregoing exceptions.

*The Attorney-General*, for Defendant in Error.

MITCHELL, J. The plaintiff in error was convicted at an adjourned term of the Circuit Court, January, 1890, for murdering his wife, Martha Ann White, by striking her on the head with a piece of iron gas pipe. The defendant moved for a new trial, which motion was overruled and he was sentenced to death, and the case comes here upon writ of error to the Circuit Court of Leon county from the order of the trial judge overruling said motion.

There are only two errors assigned, the first being that the Court erred in sustaining the demurrer of the State to the defendant's plea in abatement. 2. The Court erred in overruling each and every ground alleged as error by defendant's attorneys in motion for new trial.

The defendant in his plea, sets up that the indictment found against him " ought not to be further prosecuted, because he says that the list of three hundred persons selected by the Board of County Commissioners to serve as jurors, for said year, (naming the year) in said county, certified to by the chairman of said board, was not recorded in the minutes of the Circuit Court for said county as required by law."

The plea was demurred to and the demurrer sustained, and it is contended that this was error, but the contention

is not tenable. The statute, act of March 11, 1879, Mc-Clellan's Digest, 621, provides that "the Board of County Commissioners, at a meeting to be held the first week in January of each year, or as soon thereafter as practicable, shall select from the list of registered voters in their respective counties, and make out a list of three hundred persons, properly qualified to serve as jurors, who shall be such persons only as they know or have good reason to believe are of approved character, sound judgment and intelligence, which list, certified and signed by the chairman of the board, shall be forthwith delivered to the clerk, and by him recorded in the minutes."

The statute requires the list to be recorded in the minutes of the County Commissioners, but does not require it to be recorded in the minutes of the Circuit Court, as contended. The presumption is, that the list was properly recorded by the clerk in the minutes of the County Commissioners, for if it was not, that question would probably have been raised.

The grounds of the motion for new trial are: 1. "That the written instructions requested by the defence to be given to the jury, were given to the jury without being signed or sealed by the judge as required by law, and the same was also defective for the reason that the judge did not declare in writing his ruling thereon as presented and pronounce the same to the jury as given or refused."

The defendant, as shown by his motion, had the benefit of the charge requested by him, and as there was no exception at the time to the failure of the judge to sign and seal the charge, or to pronounce the charge given or refused, the refusal to grant a new trial on said first ground was not erroneous. Gibson vs. State, 16 Fla., 291; S. C. 7 Southern Reporter, 376; Southern Express Company vs. Van

Meter, 17 Fla., 783; Potsdamer vs. State, 17 Fla., 895; Baker vs. Chatfield, 23 Fla., 540.

2. "That upon attorney for defence asking Starlin Hill, witness for the State, if he knew anything of the character of the deceased, the ruling of the judge was in the following language: 'I will not allow a man who has killed his wife to bring the character of his wife in question.' Which remark was calculated to prejudice the minds of the jury to the injury of the accused." Now, such language, if used by the judge, would be erroneous, as it would be, as contended by counsel for the accused, calculated to prejudice the jury against the accused. Such language, if used by the judge, assumed that it was proved that the accused had killed his wife, but the record before us fails to show that the trial judge used the language imputed to him. It is true that the accused incorporated this language in his motion for new trial, but this was not sufficient—it proved nothing.

The overruling of the motion negatived the use of such language. But if the judge did use such language, it was the duty of the accused, if he desired to avail himself of the same, to incorporate the language in a bill of exceptions, so that it might be reviewed by the Appellate Court. McNealy and Roulhac vs. State, 17 Fla., 198. There is other language imputed to the trial judge, but what we have said above, applies to such other language also.

We have given the whole case careful consideration so far as we could with the very imperfect record before us, and after doing so, find no cause for reversal, and, therefore, the judgment of the court below is affirmed.