### SANDERS *v*. STATE.

Decided January 23, 1892.

*Horse-stealing—Punishment.*

    Under an indictment which charged the theft of a horse, saddle and bridle, of the value of $125, the court properly charged the jury, if they found defendant guilty, to assess the punishment prescribed for horse-stealing. (Mansf. Dig., sec. 1629.)

ERROR to *Drew* Circuit Court.

CARROLL D. WOOD, Judge.

*John G. B. Simms* for appellant.

It was error to charge that if defendant was found guilty the jury must assess his punishment at *not less* than five years nor more than fifteen years. Value having been alleged and proved, the allegation and proof cannot be treated as surplusage, and the court should have charged the jury to assess the punishment under section 1627 instead of section 1629 of the Digest. This court cannot assume that no prejudice resulted. The jury assessed the minimum penalty under section 1629, and if they had prop-

erly been instructed the inference is they would have asses-
sed the minimum punishment under section 1627.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman*
for appellee.

1.  The instruction complained of is not incorporated in
the bill of exceptions, nor in the transcript.   53 Ark., 221;
40 Ark., 168.

2.  The instruction was correct.   Defendant was indicted
for stealing a *horse.*   Mansf. Dig., sec. 1629.   The allega-
tion of value is surplusage, and need not have been proved.
50 Ark., 532; 39 Cal., 405; 40 Tex., 134; 20 *id.,* 780; 55
Ala., 116; 60 *id.,* 52; 2 Bish., Cr. Law, sec. 713; Bish., St.
Cr., sec. 427.

MANSFIELD, J.   The appellant Sanders was tried on an
indictment which charges him with the crime of grand lar-
ceny, committed by feloniously taking "one black horse,
saddle and bridle," the property of J. W. Austin and of
the value of one hundred and twenty-five dollars.   The
verdict of the jury was as follows:   "We the jury find
the defendant guilty as charged in the indictment, and
assess his punishment at five years imprisonment in the
State penitentiary."   The only ground relied upon to
obtain a reversal of the judgment rendered in accordance
with the verdict is the alleged error of the court in giving
an instruction which does not appear in the bill of excep-
tions otherwise than by the following recital:   "The defend-
ant filed a motion for a new trial on the ground that the
court   *   *   *   instructed the jury that if they should find
the defendant guilty as charged in the indictment to assess
his punishment at imprisonment in the State penitentiary for
a period of not less than five nor more than fifteen years—
which instruction was objected to by the defendant."   The
bill of exceptions does not embrace the motion for a new
trial, but shows that it was overruled and that the ruling
was excepted to.   The motion itself is copied in the record
entry of the court's action upon it, and this is sufficient to

make it a part of the record, under the ruling in *Johnson* v. *State*, 43 Ark., 391. It assigns for error the giving of an instruction in substance the same as that mentioned in the bill of exceptions. If the language of the latter be taken in a literal sense, it only recites that the application for a new trial was made on the assumed ground that such an instruction was given.

But conceding that the recital embodies, as the circuit judge probably intended that it should, the instruction referred to in the motion, the charge was not erroneous. The contention of his counsel is that the jury should have been directed to assess his punishment under section 1627 of Mansf. Digest, which provides that the felonious larcenies to which it applies shall be punished by imprisonment in the penitentiary not less than one nor more than five years. The argument is that, as section 1627 regulates the punishment to be assessed under it by the value of the property stolen, and as this indictment alleges a value, it must have been found under that section, and the defendant could not be punished otherwise than as there prescribed. But the indictment charges the larceny of a horse ; and section 1629 declares that "whoever shall be convicted of stealing any horse * * * shall be imprisoned in the penitentiary not less than five nor more than fifteen years." This statute makes the offense of horse stealing a felony without regard to the value of the animal. *Walker* v. *State*, 50 Ark., 532. The value being immaterial, its allegation in the indictment is mere surplusage which, as Mr. Bishop says, can do no harm. Bishop, Stat. Crimes, sec. 427. The fact, then, that the value of the horse was alleged in this indictment and proved at the trial did not affect the nature of the prosecution. If such allegation and proof had the effect contended for by counsel, and made the offense charged punishable under section 1627, then it would follow that where the value of the animal stolen did not exceed the sum of ten dollars, the offense would be reduced to the grade of petit larceny, which that section punishes as a misdemeanor.

It can make no difference that in this case certain inanimate property is charged to have been taken with the horse. If that fact made the offense punishable under section 1627, then it would follow that while the separate larceny of a horse not exceeding ten dollars in value might be punished by imprisonment in the penitentiary for a period of fifteen years, the stealing of an animal worth one hundred dollars together with a halter worth one dollar, if charged as one criminal act, could only be punished by a fine and by imprisonment in the county jail not exceeding one year.

The charge against the defendant was that he stole a horse, saddle and bridle, the same being the property of J. M. Austin and of the value of one hundred and twenty-five dollars. The allegation of the indictment covers but one transaction, and the evidence relates to but one—namely, the taking and carrying away of the horse and the saddle and bridle which were then upon the animal and were taken with it. The principal act was the taking of the horse. That other acts were committed at the time which might have been made the subject of a separate prosecution did not prevent the State from treating all the acts as one transaction and prosecuting the defendant for the highest offense it embraced. This, as the record shows, is what the State did ; and, so far as appears from anything before us on this appeal, the judgment against the defendant would bar a second prosecution for the larceny of any part of the property mentioned in the indictment. *Wilson v. State*, 45 Tex., 76. In the case of *State* v. *Williams*, 10 Humph., 101, the defendant was charged with stealing a gelding, one saddle, one blanket, a bridle and martingale, the property of the same individual; and the court said the crime was single, and that the State could not maintain separate prosecutions. Such was also the conclusion reached in *Wilson* v. *State*, 45 Tex., *supra*, although in the latter case the articles taken with the horse belonged to different individuals. If, however, it be conceded that the defendant might have been prosecuted for stealing the saddle and bridle as for a sep-

arate offense and that the indictment, by including those articles, charges two offenses, this was an objection available only by demurrer, and the defect was cured by the verdict. I Bishop, Crim. Pro., sec. 443 ; *Coney* v. *State*, 2 Tex. App., 62; Whart., Cr. Pl. & Pr., sec. 255 ; *State* v. *Holmes*, 28 Conn., 230 ; *People* v. *Burgess*, 35 Cal., 115.

The defendant was distinctly charged with a felony committed by stealing a horse ; and there is no indication that he was tried for any other crime. The jury found him guilty as charged and assessed the lowest punishment permitted by the statute. If it can be said that the verdict also convicted him of stealing the saddle and bridle, it is plain that no punishment was inflicted for the larceny of those articles; and we cannot see that he was possibly prejudiced by the fact that those articles were embraced in the indictment. It was proved that their value was such as to make the offense of stealing them also a felony. And the case in this respect is similar to one mentioned by Mr. Bishop where, on conviction of stealing a mare, saddle and bridle, it was held that the statutory punishment attached to the stealing of the mare was properly inflicted. Bishop, Stat. Crimes, sec. 427.

The record discloses no error prejudicial to the appellant, and the judgment is affirmed. Mansf. Dig., sec. 2454 ; *Moore* v. *State*, 51 Ark., 132.