OZZIE McNISH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A plea of former jeopardy setting up that the defendant had previously been indicted and put on trial for an assault with intent to murder one Pendee Taylor, is no defense to a subsequent indictment charging the defendant with an assault with intent to murder one Phillip McNish, although the plea avers in general terms that the alleged assaults and offenses were the same.

2. Where there is a conflict in the evidence, but there is ample testimony to sustain the verdict, this court will not grant a new trial on the ground that the verdict was contrary to the evidence, or the weight of evidence, when the verdict is in accordance with the law of the case.

3. After the dinner recess the jury were called and answered to their names, before the defendant was brought into court and during his absence. His absence being discovered no further

proceedings were had until the defendant was brought into court, when the jury were again called. *Held,* that the calling of the jury in defendant's absence furnishes no ground of reversal.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

HOCKER, J.—Ozzie McNish was indicted at the spring term, 1903, of the Circuit Court for Columbia county, for assault with intent to murder one Phillip McNish, and was tried and convicted of aggravated assault. From the judgment and sentence he has sued out a writ of error from this court.

The errors assigned are: 1st. The court erred in sustaining the demurrer by the State to defendant's plea of former jeopardy.

2. The court erred in overruling and denying defendant's motion for a new trial.

3. The court erred in proceeding with the trial and receiving the verdict in defendant's absence.

The defendant pleaded in bar, in substance, that at the same term of the court he was indicted for an assault with intent to murder one Pendee Taylor; that he was put on trial on said indictment; that upon reading the indictment to the jury the State Attorney discovered that the person named in the indictment as Pendee Taylor, was Pendee Robinson, and not Pendee Taylor, and that thereupon the State Attorney entered a *nolle prosequi,* stopped the trial and discharged the jury, without the consent of Ozzie

McNish; that he is the same Ozzie McNish named in the said indictment, and that the assault therein charged is the same supposed assault charged in the present indictment as committed on Phillip McNish, and that the offenses are the same. The court sustained the State's demurrer to this plea, and this ruling forms the basis of the first assignment of error. There was no error in this ruling. The offenses alleged in the two indictments are not the same. It is not alleged that Phillip McNish and Pendee Taylor are names of the same person. *Wallace v. State,* 41 Fla. 547, text 555, 26 South. Rep. 713.

The motion for a new trial contains four grounds, in substance: First, second and third, because the verdict was contrary to the evidence, was contrary to the weight of the evidence, was contrary to the law and the charge of the court, and because the court erred in proceeding in the cause in the absence of the defendant from the court room as shown by the affidavit filed. There was a conflict in the evidence, but there was ample testimony to sustain the verdict if believed by the jury.

The third ground of the motion for a new trial is not argued here, and is, therefore, treated as abandoned.

It appears that during the trial, on the convening of the court after the dinner recess, the jury were called and answered to their names before the defendant was brought into court and during his absence. This is the basis of the last ground of the motion for a new trial. It appears, however, from the minutes that when the defendant's absence was discovered no further proceedings were had, and that when the defendant was brought into court the jury were again called, and the case proceeded. The calling of the jury in the defendant's absence under these circumstances furnishes no ground for reversal.

The record does not show that the matters complained of in the third assignment of error occurred upon the trial.

The judgment of the Circuit Court is affirmed.

SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.