ALEX WEBSTER, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

1. An application for a continuance of a cause is addressed to the sound discretion of the trial court, and the ruling thereon will not be disturbed by the appellate court unless it clearly appears that the judicial discretion vested in the trial court

Webster v. State.—Syllabus.

has been abused to the disadvantage of the party excepting to the ruling.

2. Where a defendant in a criminal case makes an application for continuance and does not show that the witnesses desired were within the jurisdiction of the court, nor that they were absent without the defendant's consent, directly or indirectly given, nor that the defendant expected to procure their testimony at the next term, the ruling denying the application by the trial court will not be reversed by the appellate court.

3. Where an indictment alleges that the crime of murder was committed by striking, cutting and wounding with an axe which the accused "then and there held in his hands" and the accused testifies that the victim "was about five feet away from me when I staved him with my axe;" and there is other testimony that accused "threw an axe at" the victim, "and it struck him" and "stuck into him," there is no material variance between the allegation and the proof.

4. It is the right and duty of defendants in trials of criminal cases to discover on the *voir dire* examination of talesmen offered as trial jurors, grounds of challenge for cause to such talesmen, and if they fail to do so, they can not, as a general rule, after verdict, avail themselves of their ignorance of the existence of such grounds of challenge.

5. Grounds of a motion for new trial supported by affidavit in which it is alleged that a member of the jury was prejudiced and had a bitter feeling against defendant, and that defendant believes that said prejudice and bitter feeling materially militated against the defendant having a fair and impartial trial by said jury, can not be sustained when no facts as to the existence of prejudice or bitter feeling are stated, but only an inference is sought to be drawn from a fact alleged, which fact was not known to defendant at the trial, and where there is no showing that defendant's counsel did not know of the alleged prejudice and bitter feeling at the trial.

6. Assignments of error predicated upon grounds of a motion for new trial that are not supported by evidence in the transcript can not be considered by an appellate court.

7. Where the name of the sheriff appears on an indictment as a witness for the State, a ground of a motion for a new trial alleging error in permitting the sheriff to serve the special venires had in the case will not be considered where no objection was made before verdict to the jurors so summoned, and

it is not shown that the defendant was injured. Revised Statutes, 1892, section 2937.

8. The mere failure of the court to charge the jury that the statute authorizes a majority of the jury in capital cases to recommend to the mercy of the court is not error.

9. Section 2947, Rev. Stats., 1892, requires that sentences in capital cases shall "be executed within the walls or inclosure of the jail or prison where the prisoner may be confined;" and a sentence that the defendant "be taken by the sheriff * * * *to the yard surrounding* the common jail * * * *and then and there"* hung, is not in accordance with the statute, and is error for which the judgment and sentence will be reversed and the cause remanded for a proper sentence.

This case was decided by the court *En Banc*.

Writ of error to the Circuit Court for Bradford county.

The facts in the case are stated in the opinion of the court.

*T. W. Fielding* for plaintiff in error.

*W. H. Ellis*, Attorney-General, for the State.

WHITFIELD, J.—The plaintiff in error was indicted on October 16, 1901, in the Circuit Court for Bradford county for murder in the first degree for the homicide of one E. H. Fisher in Bradford county, Florida, on August 24, 1901. On November 3, 1903, he was arraigned and pleaded not guilty. At the trial on November 10, 1903, he was convicted of murder in the first degree, and from a death sentence he takes a writ of error to this court.

The first three assignments of error are on the overruling of a motion for a continuance of the cause "to the next regular term of the court upon the following grounds, to-wit: Because the defendant, having filed his affidavit of insolvency and request to have witnesses subpœnaed for him, had not secured his witnesses, and that defendant could

not go to trial, with safety to himself, without said witnesses in his defense. And filed the following affidavit, to-wit:

State of Florida
        v.              } Murder, 1st Degree.
    Alex Webster.

Alex Webster, being duly sworn, deposes and says that R. B. Jernigan and Ben Girtman are material witnesses in his behalf; that he expects to prove by said Jernigan that he was present and saw the difficulty between Fisher, deceased, and defendant, and that the deceased was at the time of the trouble advancing upon defendant with an ax drawn in striking position, and by said Girtman he expects to prove that he saw the difficulty and saw Fisher draw an ax to striking position and advance on the defendant; that there are no other persons known to defendant by whom he can prove said facts; that due diligence has been used in procuring their attendance.        ALEX WEBSTER.
Sworn to and subscribed this
10th day of November, 1903,
(Seal)      W. T. WEEKS, Clerk."

The motion was overruled and defendant excepted.

This is all the bill of exceptions shows as to the motion for a continuance. Copied into the transcript outside of the bill of exceptions are an affidavit of insolvency and petition for subpœna for Rufus Jernigan, Ben Girtman, J. W. Townsend and J. B. Crews, as witnesses for defendant, an order of the court for the issuance of the subpœna for said witnesses and the subpœna, upon which last there is no endorsement of service.

It is not necessary to decide here whether or not the affiidavit of insolvency upon which an order was made for subpœna of witnesses for defendant and the order and the subpœna should appear in the bill of exceptions for this court to consider them. The assignment fails on a consideration of the entire transcript. There is no showing that the witnesses desired were within the jurisdiction of the

court, nor that they were absent without the defendant's consent, directly or indirectly given, nor that the defendant expected to procure their testimony at the next term. Repeated decisions of this court hold these allegations to be neccessary. The established rule here is, that applications for continuances are addressed to the sound discretion of the trial judge, and that his ruling thereon will not be disturbed by the appellate court unless it clearly appears that he has abused his judicial discretion therein to the disadvantage of the accused. *Easterling v. State,* 43 Fla. 565, 31 South Rep. 350; *Bryant v. State,* 34 Fla. 291, 16 South. Rep. 177; *Bynum v. State,* 46 Fla. 142, 35 South. Rep. 65; *Ballard v. State,* 31 Fla. 266, 12 South. Rep. 865, and cases cited. The rule has not been complied with and it does not appear that the circuit judge abused the discretion vested in him in denying the application for continuance.

The fourth assignment of error is predicated upon the order overruling the defendant's motion for a new trial containing twelve grounds, to which order the defendant excepted. The first, second and third grounds of the motion for new trial relate to the sufficiency of the evidence to sustain the verdict, and the fourth ground is that the verdict is contrary to law and the charge of the court. The evidence will not be stated at length in this opinion, but it has been carefully considered by the court. The verdict is sustained by the evidence and is in accordance with the law and the charge of the court.

The indictment charges that Alex Webster "with a certain axe which he the said Alex Webster then and there held in his hands in and upon the body of the said E. H. Fisher, then and there feloniously, wilfully and of his malice aforethought, and from a premeditated design to effect the death of the said E. H. Fisher, the said E. H. Fisher with the axe aforesaid did strike, cut and wound," etc. The defendant in his testimony said: "Fisher was about five feet away from me when I staved him with my axe." A witness for the State testified: "Alex followed

Fisher from Alex's house with an axe." "I saw Alex throw his axe at Fisher and at the same time he cursed him. I saw Fisher fall. The axe stuck into him." Another witness for the State testified: "Alex threw an axe at Fisher, and it struck him, and then Alex ran away." There was sufficient evidence from which the jury could infer premeditation.

Counsel for the plaintiff in error contends that evidence that the accused threw the axe and struck the fatal blow does not sustain the charge that he held in his hands the axe with which the fatal blow was struck, and that consequently there is a material variance between the charge and the proof. The court is of opinion and holds that the evidence in this case substantially sustains the charge, and that there is no material variance between the allegation and the proof in this case.

The fifth ground of the motion for new trial is: "(5) Defendant is informed and believes that one L. L. Sapp, a member of the petit jury that tried defendant, is a brother to one W. W. Sapp, deceased, and that said L. L. Sapp was prejudiced and had a bitter feeling against defendant on account of some former trouble between the defendant and said W. W. Sapp, deceased, and defendant believes that said prejudice and bitter feeling materially militated against the defendant having a fair and impartial trial by said jury. The said defendant did not know until after the verdict was rendered that said L. L. Sapp was a brother to W. W. Sapp, deceased." In support of this ground of the motion for new trial the following affidavit was presented:

"State of Florida, ⎫
Bradford County. ⎭

State of Florida
v.
Alex Webster.

Personally came before me Alex Webster, who being duly sworn deposes and says that during a part of the year A. D. 1901, he was imprisoned in the county jail of Bradford county, Florida, and that one W. W. Sapp, now de-

ceased, was the jailer in charge of the jail; that sometime during the month of September, A. D. 1901, he escaped from jail, and in escaping from said jail he came into personal contact with jailer W. W. Sapp, deceased, and it is reported to deponent and deponent is led to believe that the said W. W. Sapp, deceased, suffered personal injury from the coming into contact with said deponent; that one of the petit jurors, to-wit: L. L. Sapp, empaneled to try defendant, this defendant is informed and does believe and alleges the truth to be, was and is a brother to the said W. W. Sapp, and this defendant believes that the said L. L. Sapp, by reason of the trouble aforesaid between this defendant and the said W. W. Sapp, now deceased, was prejudiced and had a bitter feeling against defendant, which said prejudice and bitter feeling, so engendered as aforesaid, prevented the said L. L. Sapp from giving a fair and impartial trial to this defendant; that this defendant did not know nor was he informed, at the time of the empaneling of the jury, nor did he know until after the said verdict was rendered that the relationship between the said L. L. Sapp and W. W. Sapp, deceased, as aforesaid existed.

ALEX WEBSTER.

Sworn to and subscribed before me
this 12th day of November, A. D. 1903.
W. T. WEEKS, Clerk, Ct. Ct."

The only allegation in the affidavit as to prejudice and bitter feeling of the juror against the defendant is the belief of the defendant. No facts as to the existence of prejudice or bitter feeling are stated, but only an inference is sought to be drawn from the relationship and the trouble mentioned. There is no showing of due diligence on the part of the defendant and his counsel to ascertain the existence of prejudice or bitter feeling against the defendant on the part of the juror L. L. Sapp, though it is shown by defendant's affidavit that he knew that the party with whom he came into collision in escaping from jail was named

Sapp. Nor is it shown that the defendant's counsel did not know of the prejudice and bitter feeling which defendant alleges he believes the juror entertained towards him, nor that counsel did not know that the juror was a brother of the person with whom defendant had a personal contact. *Kelly v. State,* 39 Fla. 122, 22 South. Rep. 303; *Irvin v. State,* 19 Fla. 872. It is the right and duty of defendants in criminal trials to discover on the *voir dire* examination of talesmen offered as trial jurors grounds of challenge for cause to such talesmen, and if they fail to do so they can not, as a general rule, after verdict, avail themselves of their ignorance of the existence of such grounds of challenge. *McNish v. State,* 47 Fla. 66, 36 South. Rep. —; *Gavin v. State,* 42 Fla. 553, 29 South. Rep. 405; *Denmark v. State,* 43 Fla. 182, 31 South. Rep. 269. No showing is made which requires that in the interest of justice an objection to a juror for cause after verdict should be allowed in this case.

The sixth ground of the motion for a new trial is: "(6) The court erred in overruling the motion and affidavit of defendant for a continuance upon the ground of material witnesses being absent." This was considered under the first three assignments of error.

The seventh ground of the motion for a new trial is: "(7) The court erred in ordering the clerk to issue a special venire for twenty jurors to complete the panel, and directing the sheriff to summon the said jurors from the body of the county where there were a sufficient number of names in the jury box from which the said jurors should have been drawn;" and the eighth ground is, "(8) The court erred in directing the clerk to issue a special venire for four jurors to complete the panel and directing the sheriff to summon said jurors from the body of the county when there were a sufficient number of names in the jury box from which said jurors should have been drawn." There is nothing in the transcript to sustain the statements in the motion for new trial that "there were a sufficient number

of names in the jury box from which the said jurors should have been drawn." Recitals in a motion for new trial do not afford evidence to sustain them. This court has repeatedly declined to consider assignments of error based upon grounds in motions without any evidence in the record to support them. *Garner v. State,* 31 Fla. 170, 12 South. Rep. 638; *McCune v. State,* 42 Fla. 192, 27 South. Rep. 867.

The ninth ground of the motion for a new trial is: "(9) The court erred in permitting E. E. Johns, sheriff of Bradford county, Florida, to summon both special venires, because E. E. Johns was a material witness for the State of Florida." The name of E. E. Johns is endorsed on the indictment as one of the witnesses for the State, and no objection to the jurors summoned was made before verdict, and it is not shown that the defendant was injured. Revised Statutes, section 2937; *Sylvester v. State,* 46 Fla. 166, 35 South. Rep. 142.

The tenth ground of the motion for a new trial is: "(10) Because E. E. Johns, sheriff of Bradford county, Florida, took an active part, by assisting the State Attorney and his assistant in selecting the jurors to try defendant." The transcript does not show that E. E. Johns took any part in selecting jurors in the case and as there is nothing to support this ground of the motion it can not be considered. *White v. State,* 26 Fla. 602, 7 South. Rep. 857; *McCune v. State,* 42 Fla. 192, 27 South. Rep. 867; *Garner v. State, supra.*

The eleventh ground of the motion for new trial is: "(11) The court erred in not instructing the jury that they could recommend the defendant to the mercy of the court." The court was not requested to give this charge and the mere failure to give it in the absence of a request is not error. *Milton v. State,* 40 Fla. 251, text 263, 24 South. Rep. 60.

The last assignment of error is: "The court erred in sentencing the defendant to be hanged in the yard sur-

rounding the jail of Bradford county. The sentence is as follows: "It is considered by the court that you, Alex Webster, be remanded to the common jail of Bradford county there to remain in custody until such day and time as the Governor of the State of Florida shall, by his warrant, appoint, and at such day and time so appointed by the Governor you be taken by the sheriff of Bradford county *to the yard surrounding* the common jail of said county and *then and there* you be hung by the neck until you be dead; and may God have mercy upon your soul."

Section 2947, Revised Statutes, prescribes that the sentence shall at the time directed by the warrant of the Governor "be executed within the *walls or enclosure* of the jail or prison where the prisoner may be confined."

This court held in the case of *Savage v. State,* 18 Fla. 909, text 966, that under the statute a sentence that the defendant be hanged "within the walls of the jail" was erroneous. A sentence that the defendant be taken "to the yard surrounding the common jail" and then and there hung is likewise not in accordance with the statute and erroneous.

The time of the execution is fixed by the Governor in his warrant, and the statute directs that the execution shall be "within the walls or enclosure of the jail or prison where the prisoner may be confined." In the case of *Lovett v. State,* 29 Fla. 356, text 384, 11 South. Rep. 172, this court held that an error of this character in the sentence would not be ground for a new trial; but, as the judgment in that case was reversed on other grounds, the court did not decide whether or not the error is sufficient to require a reversal of the judgment, and a remanding of the cause for a new sentence. No other errors are found in this record, but as the sentence in this case does not comply with the terms of the statute, the judgment and sentence will be reversed and the cause remanded for a proper sentence in accordance with the provisions of sections 2946 and 2947, Revised Statutes. See *Wallace v. State,* 41 Fla. 547, 26

South. Rep. 713; *Bueno v. State,* 40 Fla. 160, 23 South. Rep. 862; *Roberts v. State,* 30 Fla. 82, 11 South. Rep. 536.

The judgment is reversed and the cause remanded for proper sentence, the costs to be taxed against the county of Bradford.

HOCKER, SHACKLEFORD, COCKRELL and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.