E. G. IRVIN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDENT IN ERROR.

CRIMINAL LAW—DUPLICITY IN INDICTMENTS — THE ISSUE OF DUPLICITY IN AN INDICTMENT CAN NOT BE RAISED AFTER VERDICT BY MOTION FOR NEW TRIAL OR IN ARREST OF JUDGMENT—GAMING TABLE—UNAUTHORIZED SENTENCE.

1. When a statute makes either of two or more distinct acts, connected with the same general offence, and subject to the same punishment, indictable as distinct crimes, they may, when committed by the same person at the same time, be coupled in one count and constitute but one offence; and such an indictment will not be subject to the charge of being duplicitous.

2. Where an information or indictment is complained of on the ground of duplicity the defendant must make the assault thereon by demurrer, or by motion to quash *before verdict rendered.* If he delays presenting such issue until after verdict he will be held to have waived the same. He can not raise such issue in a motion for new trial or by a motion in arrest of judgment.

3. There is no merit in the contention that an indictment charging the defendant simply with keeping and maintaining a gambling table is defective because it fails to set forth the nature or kind of table that he is charged with keeping. The statute aims its penalty at the *use* to which a table is put, or for which it is kept, without reference to the kind or character of such table. Any manner or kind of table kept and maintained for gambling purposes falls within the inhibition of the statute.

4. Where the penalty prescribed by the statute for the commission of a crime is imprisonment in the State penitentiary or a money fine, a primary sentence of imprisonment in the county jail is unauthorized. In such a case a sentence to imprisonment in the county jail can properly be imposed only as an alternative penalty upon failure to pay a money fine imposed.

5. Where there is no error affecting the merits of the trial of a criminal cause that will necessitate the grant of a new trial or vacation of the verdict found, but there is simply an unauthorized sentence imposed, an appellate court should reverse the judgment and sentence imposed, leaving the verdict to stand as a basis for a new and proper sentence, and should remand the cause for proper sentence.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Jno. P. Wall,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J.   The plaintiff in error, hereinafter designated as defendant, was informed against, tried, convicted and sentenced for the crime of keeping and maintaining a gaming table, in the Criminal Court of Record for Hillsborough county, and seeks reversal here by writ of error.   The third count of the information upon which the conviction was had, omitting its formal commencement, is as follows:  "That the said E. G. Irvin, alias Mose Irvin, whose christian name to the Solicitor is unknown, late of the county of Hillsborough, aforesaid, on the thirteenth day of February, in the year of our Lord one thousand nine hundred and six, and at divers other times and days since such day and the filing of this information, with force and arms at and in the county of Hillsborough aforesaid, did then and there unlawfully and feloniously have, keep, exercise and maintain a certain gambling table and cards and poker chips for the purpose of gaming and gambling, against the form of the statute, etc."

The errors asigned are:  1st,  That the court erred in denying the defendant's motion for new trial.

2nd.  Because the court erred in denying the defendant's motion in arrest of judgment.

3rd.  Because the court erred in the sentence pronounced upon the defendant in the lower court, in that the statute under which he was convicted does not permit imprisonment in the county jail, except for the non-payment of a fine.

4th.   Because the court erred in passing the sentence upon the defendant, in that imprisonment in the county jail can not be imposed as a primary punishment.

The first of these assignments will be disposed   of later.

The defendant's motion in arrest of judgment, the denial of which is assigned as the second error, was upon the following grounds:

"1st.   Because the third count in the information, upon which this defendant was convicted, is bad for duplicity.

2nd.   Because the said third count in said information is bad for duplicity in that it charges the defendant, not only with keeping and maintaining a gaming table, but also of having and keeping cards and chips, which, if anything, are devices.

3rd.   Because the said third count in said information does not set forth the nature or kind of table which the defendant is charged with maintaining, and he was by such failure not sufficiently apprised of the matters charged against him."   There was no error in the denial of this motion.

Section 2644 Revised Statutes of 1892, upon which the information is predicated, provides as follows: "Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the State prison not exceeding three years, or by fine not exceeding five thousand dollars."   It is contended that under this statute the keeping of a gaming table is a distinct offense for which a party may be indicted and convicted, and that the keeping of gaming implements or apparatus is another dis

tinct offense for which separate indictment and convic-
tion may be had, and that the information in this case
is bad for duplicity, in that in its third count on which
the conviction was had it charges the defendant with
these two separate and distinct offenses, *viz*: (1) Keep-
ing a gaming table, and (2) Keeping gambling implements
or apparatus, *viz*: Cards and poker chips. While it may
be entirely true that the keeping of a gaming table is
cne offense, and the keeping of gaming implements, such
as cards and poker chips, is another distinct offense, for
which a party may be separately and respectively indicted
under the quoted statute, yet because the two acts are
joined together in one charge in the manner done in this
information does not necessarily make it subject to the
charge of being duplicitous or of charging two separate
and distinct offenses.

In the case of Bredley v. State, 20 Fla. 738, it was held
by this court that: "When a statute makes either of two
or more distinct acts, connected with the same general
offense and subject to the same punishment, indictable as
distinct crimes, they may, when committed by the same
person at the same time, be coupled in one count and con-
stitute but one offense." People v. Shotwell, 27 Cal. 394.
Such is the case here the same person is charged at the
same time and place with unlawfully keeping both a gam-
ing table and gaming implements and apparatus, both of
which call down the same penalty, and as charged in the
third count of this information constitute but one of-
fense for which but one penalty can be imposed. But
besides this it is settled by the great weight of authority
that where an information or indictment is complained
of on the ground of duplicity the defendant must make
the assault thereon by demurrer or by motion to quash be-

fore verdict rendered, and that he can not assail it for duplicity by a motion in arrest of judgment. If he delays until after verdict rendered to raise the issue of duplicity in the indictment he will be held to have waived such issue. 1 Bish. New Crim. Proc., Section 442, 443; 2 Ency. Pl. & Pr. 802; Commonwealth v. Tuck, 20 Pick. (Mass.) 356; Coney v. State, 2 Tex. App. 62; State v. Brown, 8 Humph. (Tenn.) 89; Polinsky v. People, 73 N. Y. 65; Simons v. State, 25 Ind. 331, holding that the issue could not be raised in a motion for new trial; State v. Miller, 24 Conn. 522; State v. Holmes, 28 Conn. 230; People v. Burgess, 35 Cal. 115; People v. Shotwell, *supra.*

It is again contended under the third ground of the motion in arrest of judgment that the indictment is defective because it fails to set forth the nature or kind of table that the defendant is charged with maintaining. There is no merit in this contention. The statute aims its penalty at the *use* to which a table is put, or for which it is kept, without reference to the kind or character of such table. Whether it be constructed of pine, oak, black walnut or mahogany, or whether it be round, square or elliptical, or covered with green baize or blue can make no difference in the commission of the offense. Any manner or kind of table kept and maintained for gambling purposes falls within the inhibition of the statute. Wren v. State, 70 Ala. 1.

The defendant's motion for new trial is in substance that the verdict is not supported by the evidence. We think the evidence amply and accurately sustains the verdict found.

The third and fourth assignments of error are that the sentence imposed is not authorized by law. The sentence imposed upon the defendant was imprisonment in the county jail for a period of twelve months. This was

unauthorized. The primary penalties imposed by the statute under which the conviction was had are imprisonment in the penitentiary or a money fine. Imprisonment in the county jail would only be authorized under this statute, as an alternative penalty in case of default in the payment of a money fine imposed. This error in the sentence imposed does not, however, in the absence of any other error affecting the trial, necessitate the grant of a new trial, or vacation of the verdict found, but simply reverses the erroneous judgment or sentence, leaving the verdict to stand as a basis for a new and proper sentence. Webster v. State, 47 Fla. 108, 36 South. Rep. 584.

The judgment and sentence of the court below is hereby reversed, and the cause remanded with directions to impose a proper sentence upon the verdict found. The costs to be taxed against the county of Hillsborough.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.