## SNYDER *v.* UNITED STATES.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF LOUISIANA.

Submitted November 4, 1884.—Decided November 17, 1884.

A general verdict, upon an information in several counts for a single forfeiture under the internal revenue laws, is valid if one count is good.

A verdict which speaks of "evaluating," instead of "valuing," is not therefore insufficient to support a judgment.

This was an information in several counts under section 3372 of the Revised Statutes, for the forfeiture of the tobacco, machinery, tools and materials in a tobacco manufactory, for violations of the internal revenue laws. The property was released upon the claimant's giving a bond to abide the final decree. The claimant demurred to the information as not setting forth any facts warranting the seizure or forfeiture of the property. The demurrer was overruled, the claimant filed an answer, and upon a trial a verdict was returned in this form: "We, the jury, find a verdict for the government, evaluating the goods and machinery seized at a sum of one thousand dollars." The claimant moved, in arrest of judgment, that several of the counts were insufficient, and that the verdict was general upon all the counts, and was vague and uncertain, and not responsive to the issue. The motion was overruled, and judgment rendered for the United States, and the claimant sued out a writ of error.

*Mr. J. D. Rouse* and *Mr. William Grant* for plaintiff in error.

*Mr. Assistant Attorney-General Maury* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

Informations under the revenue laws for the forfeiture of goods, seeking no judgment of fine or imprisonment against

any person, are not strictly criminal cases, in which the decisions of the Circuit Court are final, unless a division of opinion is certified; but they are civil actions, of which this court has jurisdiction in error, without regard to the sum or value in dispute. Rev. Stat. § 699; *Pettigrew* v. *United States,* 97 U. S. 385. Yet, as has been expressly adjudged, they are so far in the nature of criminal proceedings, as to come within the rule that a general verdict, upon several counts seeking in different forms one object, must be upheld if one count is good. *Clifton* v. *United States,* 4 How. 242, 250. As one of the counts in this case is admitted to be good, it is unnecessary to consider the objections taken to the other counts.

The verdict, though expressed in bad English, clearly manifested the intention and finding of the jury upon the issue submitted to them, and the court rightly gave judgment upon it. Rev. Stat. § 954; *Parks* v. *Turner,* 12 How. 39, 46; *Lincoln* v. *Iron Co.,* 103 U. S. 412.

*Judgment affirmed.*