## UNITED STATES *v.* DOHERTY.

*(District Court, D. Massachusetts.* April 10, 1885.*)*

1. FEDERAL ELECTIONS — INSPECTOR RECEIVING FRAUDULENT VOTE — REV. ST. § 5511 — INDICTMENT.
   In an indictment for aiding or assisting in the commission of the crime of illegal voting at an election for a representative in congress, it is not necessary to state the particular acts constituting the aid or assistance, as these are mere matter of evidence to make out the offense at the trial.
2. SAME — PLACE WHERE ELECTION HELD.
   Where the indictment alleges that the offense was committed "at Boston, in said district of Massachusetts, at an election for a representative in the congress of the said United States for the Fourth congressional district of the commonwealth of Massachusetts, instituted and held in said Boston on said fourth day of November, in accordance with the laws of said commonwealth and with the laws of said United States," this is a sufficient averment that the election was held in the Fourth congressional district, which is a part of Boston.
3. SAME — VIOLATION OF OFFICIAL DUTY.
   An indictment that charges that defendant, as inspector of elections, knowingly and willfully received the vote of a party named, knowing that he was not a resident of, or registered in, the voting precinct, sufficiently alleges a violation of duty on the part of the defendant as officer of elections.

Motion in Arrest of Judgment.

*W. K. Blodgett,* for the United States.

*E. L. Barney* and *Wm. B. Gale,* for defendant.

NELSON, J. This indictment originally contained eight counts. The first and fourth counts were disposed of before trial by the entry of a *nolle prosequi.* The defendant, having been found guilty on the remaining counts, now moves in arrest of judgment.

The second, third, fifth, and sixth counts are founded on section 5511, Rev. St., and charge the defendant with having aided one John F. Hayes to vote illegally for a representative in the congress of the United States for the Fourth congressional district of this commonwealth, at an election held in Boston on the fourth day of November last. In the seventh and eighth counts he is charged with having violated his duty as an inspector of elections in allowing and aiding Hayes to vote illegally at the same election.

The motion merely states in general terms that the indictment is

defective, uncertain, and insufficient, and that no crime is legally and formally set forth, without specifying any particular defect. I shall consider, therefore, only those objections made to it by counsel at the hearing.

One ground of objection, common to all the counts except the seventh, is that the indictment does not set forth the special means used in aiding the illegal acts of Hayes. But the rule is well settled that, in an indictment for aiding or assisting in the commission of a crime, it is not necessary to state the particular acts constituting the aid or assistance. These are matters of evidence to make out the offense at the trial, and it is not necessary to aver them in the indictment. *U. S.* v. *Gooding,* 12 Wheat. 460; *U. S.* v. *Simmons,* 96 U. S. 360.

Another objection common to all the counts is that it is not alleged that the election was held in the Fourth congressional district. The words of the indictment in each count are: "At Boston, in said district of Massachusetts, at an election for a representative in the congress of said United States for the Fourth congressional district of the commonwealth of Massachusetts, instituted and held in said Boston, on said fourth day of November, in accordance with the laws of said commonwealth, and with the laws of the said United States." This is a sufficient averment that the election was held in the Fourth congressional district, which is a part of Boston. The offense with which the defendant is charged is laid in Boston, in this judicial district, within the jurisdiction of this court.

The rule governing the courts of the United States in construing criminal indictments is that no indictment is to be deemed insufficient, nor the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant. Rev. St. § 1025. The court will take notice that the Fourth congressional district includes a part of Boston. St. 1882, *c.* 250. If this is a defect, which is by no means clear, it is one of form only, and is cured by the statute. It is impossible that the defendant can suffer prejudice from it. The same answer may be made to the objection to the sixth and seventh counts: that it is not alleged that the Fourth precinct of the Seventh ward of the city of Boston is within the Fourth congressional district. By the statute of the state above cited, of which the court is bound to take notice, the Seventh ward of Boston, which must of necessity include the Fourth precinct of that ward, is made part of the Fourth congressional district. To this may be added that if these counts should be adjudged defective for the reasons assigned, the verdict being general, the other counts are sufficient to sustain a judgment. *Clifton* v. *U. S.,* 4 How. 242, 250; *Snyder* v. *U. S.,* 112 U. S. 216; S. C. 5 Sup. Ct. Rep. 118.

Objection is made to the seventh count that it does not allege that the defendant violated any duty as inspector of elections; but it is charged in distinct terms that the defendant knowingly and willfully

received Hayes' vote knowing that he was not a resident of, or registered in, the voting precinct. This certainly was a violation of one of the plainest duties of an officer of elections.

Motion in arrest of judgment overruled.