HARRAN, Appellant, vs. KLAUS, Respondent.

*March 17 — April 9, 1891.*

*Conditional contract: Verdict.*

1. Upon plaintiff's stating to the defendant that he had bought at a receiver's sale certain notes and drafts signed by the latter, but on which he was no longer liable, and paid $75 therefor, the defendant said "if you paid $75 for them, I will pay you the money back and $10 for your trouble." *Held*, that such promise was wholly con-

     ditional, and the defendant's liability to pay either the $75 or the $10 was contingent upon the truth of plaintiff's statement.

2. The fact that defendant left $10 with a third party to be paid to the plaintiff for his trouble, being entirely voluntary, does not bind him as a practical construction of his contract.

3. A verdict in an action on such contract as follows: "Your Honor, the jury find that there was no valued bargain betwixt Mr. H. and Mr. K., and have therefore came to the conclusion that Mr. H. is not entitled to receive anything," though informal, contains the substance of a finding for the defendant, and under sec. 2829, R. S., the judgment cannot be reversed for such defect.

APPEAL from the Circuit Court for *Brown* County.

The case fully appears in the opinion.

For the appellant there was a brief by *John C. & A. C. Neville*, and oral argument by *A. C. Neville*. They argued that, if the defendant's promise to pay for the notes, and drafts was contingent, as testified to by him, yet the promise to pay $10 for plaintiff's trouble was absolute, and his leaving that sum with another for plaintiff was his own practical construction of his liability. *Chicago v. Sheldon*, 9 Wall. 50; *Nilson v. Morse*, 52 Wis. 240; *Central Trust Co. v. Wabash, St. L. & P. R. Co.* 34 Fed. R. 254. The verdict is void on its face because argumentative. *U. S. v. White*, 5 Cranch C. C. 38; *Freeman v. People*, 4 Denio, 9. It shows that the jury reasoned from false premises. *Holden v. Belmont*, 32 Ohio St. 585; *Gregory v. Frothingham*, 1 Nev. 253; *Boren v. Bartleson*, 39 Ill. 43; *Oliver v. Sanborn*, 60 Mich. 346. It is wholly variant from the issue. *Patterson v. U. S.* 2 Wheat. 221; *Stiles v. Granville*, 6 Cush. 458. It is directly contrary to the evidence and to the charge of the court. *Union Pac. R. Co. v. Hutchinson*, 40 Kas. 51; *Way v. Chicago, R. I. & P. R. Co.* 73 Iowa, 463; *Kansas Pac. R. Co. v. Peavey*, 34 Kas. 472.

For the respondent there was a brief by *Greene & Vroman*, and oral argument by *Charles E. Vroman*.

Harran vs. Klaus.

Cole, C. J.  The parties widely disagree in their testi-
mony as to the agreement about the sale and purchase of
the notes and drafts which are mentioned in the case.  Ac-
cording to the plaintiff's testimony, the defendant agreed
to buy them and pay $120 for them, the payment to be
made within thirty days.  This the defendant positively
denies, and says, in effect, that, when the plaintiff called
upon him in Milwaukee in the spring of 1886, and handed
him the papers, the plaintiff then said he paid $75 for them
at the receiver's sale, and that he replied to this statement
that he would be in Green Bay in a week or so, and, if he
became satisfied that the plaintiff had paid $75 for those
papers, he would pay him that amount of money back and
$10 for his trouble; that afterwards, when at Green Bay,
he learned that the plaintiff had only paid seventy-five
cents for the papers, and he saw the plaintiff, and told him
he had lied about the matter when he said he had paid $75
for them; consequently he refused to pay that sum or to
purchase them.  Though the notes and drafts were utterly
worthless, yet the defendant might wish, as he had been
once liable upon them, to obtain possession of them, and
they doubtless constituted a good consideration in law for
an agreement to purchase them, and the trial court so
held.

The court also submitted to the jury the question as to
which account of the transaction was true, instructing, in
substance, if the statement of the plaintiff as to the bargain
was found to be correct, then he was entitled to recover
$120 and interest from April 3, 1886, the time of the al-
leged purchase, but, if the defendant's statement as to the
bargain was true, there could be no recovery.  The jury, in
effect, found for the defendant, as we construe the verdict,
and the inquiry now is as to the correctness of the charge
upon the testimony.  Upon that point it seems to us clear
that the trial court was correct in its charge.  The agree-

ment of the defendant was not an absolute one to purchase the papers and pay $75 for them, but was conditional, and was only to have effect if he found the plaintiff's statement true that he had paid $75 for them.   This was the condition annexed to the agreement to purchase, and it was a condition which the defendant had a right to impose.  Now, the condition failing, the liability dependent upon it ceased to exist.

The learned counsel for the plaintiff insists that, in any event, the plaintiff was entitled to recover $10, which the defendant agreed to pay him for his trouble, and that it was error for the court to charge that the plaintiff must recover $120, or he was not entitled to recover anything. But we think the entire agreement was conditional or contingent upon the fact that the plaintiff's statement was that he actually paid $75 for the papers.   The payment of $10 for the plaintiff's trouble was dependent upon that fact as much as the promise to buy the papers and pay $75 for them.

It appears from the testimony that the defendant, when at Green Bay, left with his brother $10 to pay the plaintiff for his trouble as promised, and the counsel says this was a practical construction by the defendant of the agreement that he was absolutely bound to pay that sum in any event. But this was a voluntary offer, not founded upon any promise to pay that sum, and, upon the facts, was not binding upon the defendant.   His entire engagement was contingent upon the truth of the plaintiff's statement that he paid $75 for the papers at the sale.

An objection is taken to the verdict which, it is said, is argumentative and void on its face.  The verdict is in the following form: " Your honor, the jury find that there was no valued bargain betwixt Mr. Harran and Mr. Klaus, and have therefore come to the conclusion that Mr. Harran is not entitled to receive anything."   Of course this verdict is

Harran vs. Klaus.

·very informal, and not expressed in accurate language, but
there can be no doubt as to what the jury intended to find.
It is, in substance and effect, a finding for the defendant
upon the issue involved. The jury state the reason for that
finding or conclusion, but this may be treated as imma-
terial. "It has long been well settled that the courts will
give validity to verdicts when they perceive the substance
of the issue to be contained in the verdict, however rude or
informal the finding of the jury may have been expressed."
1 Grah. & W. New Trials, 160; Hayne, New Trials & App.
706. The verdict will support the judgment, and so much
of it as is outside the issues may be disregarded. *Snyder
v. U. S.* 112 U. S. 216. Our statute requires the court, in
every stage of an action, to disregard any error or defect in
the pleadings or proceedings which shall not affect the sub-
stantial rights of the adverse party, and no judgment shall
be reversed or affected by reason of such error or defect.
Sec. 2829, R. S. We cannot, therefore, reverse the judg-
ment for the objection taken to the verdict.

It is further objected that it was error to admit in evi-
dence the certificate of the discharge of the defendant in
bankruptcy. We regard that item of testimony as entirely
irrelevant, but its admission was harmless. We cannot per-
ceive how it could have prejudiced the plaintiff's case. He
founded his right of action upon the agreement of the de-
fendant to purchase the papers, long after the discharge in
bankruptcy. The papers, as we have said, were worthless,
and the discharge in bankruptcy did not affect their value
in any way whatever, nor was it at all material to inquire
whether the papers had any value or not. As a matter of
honor, or as affecting his character as a business man, the
defendant might naturally desire to obtain possession of
the notes and drafts, and destroy them, though they were
no longer binding obligations, and consequently they would
constitute a sufficient consideration for an agreement to

purchase them, had an absolute agreement to that effect been entered into. But there was no such an absolute agreement, as we must assume from the verdict of the jury.

*By the Court.*— We perceive no reversible error in the record, and the judgment of the circuit court is therefore affirmed.