G. Towney Kennard, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

1. As a general rule a witness must depose to facts within his knowledge, and can not testify to matters of mere conjecture; but where a witness has knowledge of pertinent facts and speaks from a recollection of them as they actually appeared to him, though his impression may not amount to positive assurance, it is competent to be considered by the jury.

2. In lawfully defending himself a man may take life when as a reasonably prudent person he has reasonable ground to apprehend a design to commit a felony on him or to do him some great personal injury and there shall be imminent danger of such design being accomplished, though as a matter of fact there was no actual danger; but if he wrongfully occasions or brings about the necessity for his action, though as a prudent man he may have reasonable ground to apprehend a design to commit a felony on him or to do him some serious personal injury and there be imminent danger of such design being accomplished, he can not lawfully kill and justify his conduct on the ground of self-defence.

3. An objection to a portion of a charge stating an abstract proposition of law on the ground that it is misleading may be removed by another portion covering the ground so fully as to leave no room for a misdirection of the jury.

4. The mere statement in a motion for a new trial that the prosecuting officer made a certain statement to the jury, where the motion is overruled without a certificate from the judge that such statement was made, affords no evidence of the existence of such fact.

5. It is proper for the trial court in charging the jury to confine a principle of law applicable to the case to the facts disclosed by the evidence.

6. In considering an objection to a portion of a charge the entire portion bearing on the subject may be considered, and if the objection be removed when the entire portion is taken together, there is no ground of complaint.

7. When the substance of requested charges has been fully given in instructions, it is not error to refuse to repeat the instructions, though expressed in different language.

8. A requested instruction for an acquittal predicated upon an isolated fact, or only part of the evidence that is not conclusive of the merits of the case, is properly refused.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Evans Haile and Clark & Gibbons,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

MABRY, J.:

Plaintiff in error was indicted for the murder of one S. P. Morgan and was convicted of manslaughter. From the sentence of the trial court a writ of error has been prosecuted.

A witness having testified that she knew the defendant, Kennard, and the deceased, Morgan, was asked if she heard any conversation between them a short time before the homicide, and replied that she was not sure whether it was Kennard; that the conversation heard took place on the square (of Gainesville, Fla.) as witness was passing and it was almost dark. She was then asked if it was her best knowledge that it was Kennard and Morgan, and stated "it looked just like both of them, Mr. Kennard and Mr. Morgan." The witness was further interrogated as follows: "Q. You know both men? A. Yes sir. Q. You heard them in this conversation? A. Yes sir. Q. And you saw them? A. I do not know; I am not positive that it was Kennard or Morgan, but I thought it was Mr. Kennard and Mr. Morgan. Q. Why did you think so? A.

Because it looked like them. Q. How long have you known Mr. Kennard? A. I do not know, but a good while; and it looked just like him. Q. And you thought it was him? A. Yes sir."

The trial judge also asked the witness if she could say to the best of her knowledge that she heard Kennard and Morgan in the conversation as she passed, and she replied that it looked just like them.

The witness was permitted to detail the conversation over the objection of the defendant, and the point of contention is that the witness did not have sufficient knowledge of the fact that it was the defendant to authorize the admission of the testimony. We are of opinion that the court did not err in admitting the evidence. The general rule, to which there are exceptions, is that a witness must depose to pertinent facts within his knowledge and can not testify to mere matters of conjecture. Where, however, a witness has knowledge of facts and speaks from a recollection of the facts as they actually appeared to him, though his impression may not amount to positive assurance, it is competent to be considered by the jury. The rule has been stated as follows:"He (the witness) may have had actual observation of the matter, but he may not have received a very definite 'impression;' e. q., he saw a man and 'thought' it was the accused; to this defect in the quality of the impression the law makes no objection, but receives it for what it is worth." 1 Greenleaf Ev. (16th Ed.) §430 i; State v. Flanders, 38 N. H. 324; Clark v. Bigelow, 16 Maine 246; Roberson v. State, 40 Fla., 509. The witness in the present case knew the parties, saw them, heard the conversation between them and they had the

appearance of the parties known to her. This was a sufficient identification to admit the statement.

The third error assigned is not argued and, therefore, abandoned. The fourth is that the court erred in giving the following instruction, *viz*: "A defendant may as a reasonable man have believed that he was in danger of losing his life, or of incurring great bodily harm, and yet the killing may not under some circumstances be justifiable or excusable. One instance is where he has brought about the necessity without being reasonably free from fault. Again, the circumstances of the case may at least make it a question for the jury whether a killing was not in pursuance of a previously formed design to kill, instead of having been the result of a mere purpose of self-defence, although at the time of the altercation the first overt act may have come from the person slain." This portion of the charge was excepted to as an entirety, and the objections urged are that the first part states the law incorrectly, and the last is argumentive and intimated to the jury the opinion of the judge as to the defence relied on by the defendant. It is contended that a man has the right to act upon appearances as they appear to him, and if he act with the caution of a reasonably prudent man, he will be justifiable in killing, even though it should afterwards appear that there was in fact no real danger. Our statute justifies a homicide when committed by any person when resisting any attempt to murder such person or commit any felony upon him, or upon or in any dwelling-house in which such person shall be; or when committed in the lawful defence of such person, or his or her husband, wife, parent, child, master, mistress or servant, when there shall be a reasonable ground to apprehend a de-

Kennard v. State.—Opinion of Court.

sign to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished. Under the latter subdivision of this statute, any person may take life, under the conditions stated, when done in the lawful defence of such person. When, lawfully defending himself he may take life, when as a reasonably prudent man he has reasonable ground to apprehend a design to commit a felony or to do some great personal injury and there shall be imminent danger of such design being accomplished, although as a matter of fact there was no actual danger. At common law a man assailed under certain circumstances could, in order to protect himself, take the life of his assailant and excuse himself on the ground of self-defence. It was essential, however, that it be shown that the killing was necessary to save his life or protect him from grievious bodily harm, and that he did not wrongfully bring about the necessity to kill. No man was permitted to take life under a pretence of necessity that he occasioned by his own wrongful act, and this was in harmony with the principal pervading all branches of the law that no man should be permitted to take advantage of his own wrong. Our statute does not exclude this principle of the common law, but recognizes it in limiting the right to take life to a lawful defence, and this court has approved the statement of the principle in the following formula: that a necessity brought about by the party who acts under its compulsion can not be relied upon to justify his conduct; the aggressor in a personal difficulty, one not reasonably free from fault, can never be heard to acquit himself of liability for its consequences on the ground of self-defence. Lovett v. State, 30 Fla. 142, 11 South. Rep. 550. The abstract state-

ment of the law by the court, that a defendant as a rea-
sonable man may believe he is in danger of losing his
life, or of incurring great bodily harm, and yet under
some circumstances the killing will not be justifiable or
excusable was correct. If a reasonably prudent man
has reasonable ground to apprehend danger of losing
his life or of suffering great bodily harm, yet if he
wrongfully occasions or brings about the necessity for
his action, he can not justify his conduct on the plea of
self-defence. This disposes of the only objection made
to the charge that it contains an incorrect proposition
of law.

There is a further contention that the last propo-
sition of the charge is argumentative and intimates the
opinion of the judge as to the defence sought to be
made. It is not insisted that this last portion is insep-
arably connected with the first, and both must be con-
sidered as forming a single proposition of law. If we re-
gard the last as a distinct proposition of itself, then the
exception to the entire portion must fail under the rule
in this court, because of the legal correctness of one
part. We do not think the charge is objectionable on
the grounds stated. It may be true that abstract state-
ments of legal rules may mislead juries in some cases,
and this way of instructing them in reference to their
duties in determining the facts of cases may be ques-
tionable. In the present case, however, we do not see
that the jury could have been misled in view of other
instructions given to them bearing directly upon the
facts submitted.

A charge given reads as follows: "If a person has
been threatened by another, such threatened person
has the right to go about his ordinary business, and is

under no legal obligation to avoid the person who threatened him, but upon meeting such person has the right under the law to protect himself if assailed, and in thus protecting himself has the right to act upon circumstances as they appear to him, and if he believes and as a prudent and cautious man has a right to believe, from the attitude of the person who threatened him that his life is in imminent danger, or that he is in imminent danger of great bodily harm, to defend himself even to the extent of taking human life. If, therefore, the jury believe from the evidence in this case that the deceased, S. P. Morgan, threatened the life of the defendant, and if the jury further believe from the evidence that the said S. P. Morgan was a man who bore reputation of being a violent and dangerous character, that these threats had been communicated to the defendant, and that the defendant knew that the deceased bore such reputation as a dangerous and violent man, and if the jury believe further from the evidence that on the day of the fatal encounter the deceased and the defendant met, and that after exchanging a few words the deceased threw his right hand behind him as if to draw a weapon, and the defendant believed at the time, and as a prudent and cautious man had a right to believe, that his life was in imminent danger, or that he was in imminent danger of suffering great bodily harm, then the court charges you that the defendant had the right to fire the fatal shot, although in point of fact there may have been no actual or real danger; and it will be your duty, under the circumstances, to acquit the defendant." This charge was given at the request of defendant, and its correctness is not questioned here. It presented the case upon the facts submitted as favorably to the defen-

dant as he could expect, and removed the possibility of the jury being misled by the charge to which exception was taken.

The fifth error assigned complains of an alleged statement of the State Attorney in his argument to the jury, but we have no evidence that such statement was made other than the assertion in the motion for a new trial. The judge overruled the motion, but does not certify that such statement was made and hence we have nothing to consider under this assignment.

The sixth assignment is based upon a portion of the court's charge, to the effect that an aggressor in a difficulty, one not reasonably free from fault, can not justify himself for a homicide committed in such difficulty on the ground of self-defence. The legal accuracy of this statement is not questioned, and what has been said indicates its correctness. It is contended that the charge should have also informed the jury that even an aggressor in a difficulty may be justifiable in the killing of his adversary if it appears that after bringing on the difficulty he, in good faith, declined further combat, and that at the time of killing he was acting with due prudence and caution upon appearances of danger presented to him. The answer to this contention is that the judge was not requested to charge as suggested by counsel, and the facts of the case did not call for such qualification.

The seventh assignment is abandoned.

The eleventh charge given by the court to the jury informed them that if they believed from the evidence a state of facts detailed in the charge, and that was deducible from the evidence, they should find the defendant guilty of murder in the first degree. The objec-

tion to the charge is that it did not state to the jury that they must believe the state of facts from the evidence beyond a reasonable doubt. The court fully instructed the jury in other portions of the charge on the subject of a reasonable doubt, and at the request of defendant instructed as follows: "the defendant comes before you clothed with the presumption of innocence, and this presumption is a substantial part of the law of the land, and you are compelled under your oaths to carry this presumption in your minds during every stage of the trial, and give the defendant the benefit of it until such time as you may be convinced by the sworn testimony in this case, and beyond all reasonable doubt of his guilt as charged in the indictment." Taking the instructions together there is no reasonable ground to doubt that the jury understood they were to give the accused the benefit of any reasonable doubt before they could convict under any view of the law presented by the court. In this particular instance the charge related exclusively to the crime of murder in the first degree, and defendant was acquitted of this offence. The jury rejected *in toto* the theory of the charge as to murder and we do not see any possible ground of objection to it now on the part of the defendant who is complaining of a conviction of manslaughter.

The court refused to give six separate requests for charges on the part of the accused and they are assigned as error. Some of these requests may not be entirely accurate in their statements, but we do not discuss them with reference to their individual merits. After carefully considering them in connection with the instructions that the court did give to the jury we are of

opinion that every correct phase of the law designed by the rejected requests to be presented was amply and sufficiently given by the court. It is the established rule of this court that when the substance of requested charges has been fully given in instructions to the jury, it is not error to refuse to repeat the instructions, though they be expressed in different language. Long v. State, Higginbotham v. State, Richard v. State, decided at this term. One of the refused requests in this case was copied from the text of the opinion in the case of Pinder v. State, 27 Fla. 384 and 385, 8 South. Rep. 841, discussing the law of self-defence, and it is insisted that it was the language of this court the charge should have been given. The principle of the law of self-defence applicable to the facts of the case had been fully given to the jury, and the court was authorized to reject another instruction although expressed in language employed by this court. Another of the requests refused asserts that if the jury had a reasonable doubt from the evidence whether the deceased hailed the defendant and threw his hand to his hip pocket as if to draw a pistol at the time the fatal shot was fired, they should find a verdict of acquittal. Though the jury may have entertained a reasonable doubt as to the isolated fact stated in the request this did not necessarily compel an acquittal of the accused. Charges should not be predicated upon an isolated fact or only part of the evidence in a case that is not conclusive of the merits. Such a course of instructing the jury would tend to improperly emphasize and give undue prominence to isolated portions of evidence and the trial court should avoid it.

We are of opinion that there is no reversible error in the record and that the judgment should be affirmed. Judgment to be so entered.