CHARLIE LONG, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA DEFENDANT IN ERROR.

1. Verdicts should be certain and import a definite meaning, but any words that convey beyond reasonable doubt the meaning and intention of the jury will be sufficient, though the spelling may be bad.
2. A new trial should not be granted on the ground of newly discovered evidence that goes merely to impeach the character of witnesses or that is simply cumulative.
3. The evidence in this case held to be sufficient to sustain the verdict of the jury.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*M. D. Price*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

MABRY, J.:

Plaintiff in error was indicted in May, 1891, for assault with a deadly weapon with intent from a premed-

itated design to effect the death of one Judge Holden, and upon a trial on the indictment in November, 1899, was convicted. From the sentence of the court a writ of error has been sued out to the present term of this court.

The verdict of the jury as shown by the proper record entry reads as follows: "We the jury find the defendnt guitly as charged.   J. S. Melvin, foreman." A motion in arrest of judgment was overruled, and the ground of error assigned thereon is that the verdict is vague, indefinite, uncertain and insufficient to support the sentence of the court. The argument is that the words *"defendnt"* and *"guitly"* found in the verdict rendered it vague, indefinite and uncertain.

Verdicts in criminal cases should be certain and import a definite meaning, free from ambiguity. Bryant v. State, 34 Fla. 291, 16 South. Rep. 177. "Any words which convey, beyond reasonable doubt, the meaning and intention of the jury are sufficient, and all fair intendments will be made to support the verdict." Kellum v. State, 64 Miss. 226, 1 South. Rep. 174. If the intention is clearly manifested, bad spelling or faulty grammar will not vitiate the verdict. State v. McNamara, 100 Mo. 100, 13 S. W. Rep. 938; State v. Wilson, 40 La. Ann. 751, 5 South. Rep. 52; Snyder v. United States, 112 U. S. 216, 5 Sup. Ct. Rep. 118. We are of the opinion that the verdict rendered in this case originating under statute prior to the adoption of the Revised Statutes is sufficient to authorize the sentence of the court.

The second error assigned is that the court erred in not granting a new trial on the ground of newly discovered evidence.  Holden, the party on whom the as-

sault was made, testified that he walked out of a church one night on to a platform in front, and recognized the defendant who shot him with a pistol, the ball taking effect in the side of his face. On cross-examination he was asked if he did not then and subsequently state that he did not know who shot him, and replied that he had not so stated. The State also proved by another witness that immediately after being shot Holden returned to the church with his hand on his face and stated that the defendant shot him. Defendant proved by a witness that Holden then stated that he did not know who shot him. The alleged newly discovered evidence relates to statements of Holden made after being shot, heard by other witnesses, that he did not know who shot him. One of the witnesses to establish the alleged newly discovered evidence, and who was summoned as a witness for defendant, wrote a letter to counsel of defendant the day after the trial as follows: "Upon reflection, I think I did your client, Long, an injustice in my statements to you and Mr. McKinnie. It had been so long ago that I could not recall the circumstances of the case to mind at once. Judge Holden did say that he did not know who shot him on that night, and I don't think any one knew that night who did the shooting." This letter is sworn to before a justice of the peace. There was also a sworn statement by another party that she heard Holden say at the church the night he was shot that he did not know who did it. Neither the defendant nor his attorney filed any affidavit as to diligence in procuring the testimony. Without reference to other defects that may exist in the showing made for a new trial on the ground of newly discovered evidence, we are of opinion that the ruling made by the court was

correct for the reason that the supposed newly discov-ered evidence was of an impeaching character only, and in this respect in this case would have amounted simply to cumulative testimony. The rule is well set-tled that a new trial will not be granted on the ground of newly discovered evidence that goes merely to im-peach the character of witnesses, or that is simply cumulative. Milton v. Blackshear, 8 Fla. 161; Coker v. Merritt, 16 Fla. 416; Simpson v. Daniels, Ibid. 677; Howard v. State, 36 Fla. 21, 17 South. Rep. 84.

The only remaining assignment of error presented is that the evidence does not sustain the verdict. The testimony of Holden in behalf of the State was positive that the defendant did the shooting and he is corrobo-rated by another witness, who swore that he saw defen-dant outside of the church and near the door immedi-ately before the shooting. This testimony, if true, amply justified the jury in returning a verdict against the defendant. It is true that there was proof of an alibi by members of defendant's family and some con-tradiction of what Holden stated immediately after be-ing shot, but all this was for the jury to settle in pass-ing upon the credibility of witnesses. We are not au-thorized under the settled rule to interfere on this ground.

The judgment must be affirmed, and it is so ordered.