JOHNIE JOHNS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Verdicts in criminal cases should be certain, and impart a definite meaning, free from ambiguity. Any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments should be made to sustain them. If the intention is clearly manifested, bad spelling or faulty grammar will not vitiate the verdict. The rule of *idem sonans* is applicable in construing verdicts.

2. Where part of a witness' answer to a question is admissible and part inadmissible, a motion to strike such answer is properly refused unless it is confined specifically to the inadmissible part of such answer.

3. It is competent for the State, in a prosecution for murder, to prove threats made by the accused against the deceased, although made a long time prior to the homicide, but in determining their weight the jury may consider their remoteness from the time of homicide.

4. Evidence examined, and found sufficient to sustain the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Baker county.

The facts in the case are stated in the opinion of the court.

*L. E. Wade* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

SHACKLEFORD, J.—The plaintiff in error (hereinafter referred to as the defendant), at the spring term, 1902, of the Circuit Court for Baker county, was indicted for murder in the first degree, and was tried, convicted of murder in the first degree with recommendation to the mercy of the court, and sentenced to confinement in the State prison for

life, at the spring term, 1903, of said court, and seeks a reversal by writ of error.

The first assignment of error is that "the court erred in receiving a verdict in this cause and in entering and rendering judgment upon the verdict."

The said verdict, as shown by the transcript, reads as follows: *"Wee,* the jury, find the defendant guilty of murder in the first degree and *recomend* him to the mercy of the court, so say we all," the same being signed by one of the jury as foreman.

The assault made upon this verdict is because the first word therein is spelt "wee" instead of "we." This error is not well assigned. "A verdict will not be held void merely because expressed in *bad English* if it clearly manifests the intention and finding of the jury upon the issues submitted to them." 2 Thompson on Trials, section 2644. Also see *Snyder v. United States,* 112 U. S. 216, 5 Sup. Ct. Rep. 118; Abbott's Trial Brief (Criminal Causes), 2nd ed., 722, and authorities there cited. The spelling of the word "we" in said verdict is no more open to attack than the spelling of the word "recommend" therein, of which defendant had the benefit. Both words clearly manifest the intention and finding of the jury. As was said by this court in *Higginbotham v. State,* 42 Fla. 573, 29 South. Rep. 410, "verdicts in criminal cases should be certain, and impart a definite meaning, free from ambiguity. Any words that convey, beyond a reasonable doubt, the meaning and intention of the jury, are sufficient, and all fair intendments should be made to sustain them, If the intention is clearly manifested, bad spelling or faulty grammar will not vitiate the verdict." Also see *Long v. State,* 42 Fla. 612, 28 South. Rep. 855. Upon this point the rule of *idem sonans* is applicable. See *State v. Wilson,* 40 La. Ann. 751, 5 South. Rep. 52.

The second error assigned is that "the court erred in permitting Henry Yarbrough's testimony to go to the jury in this case."

The testimony of the said Yarbrough, as found in the record, was as follows: "My name is Henry Yarbrough; I live near Baxter, Florida, in this county, and know Johnie Johns. I had a talk with Johnie Johns about three weeks before Lamb Bryant was killed, and Johnie said Lamb owed him ten cents, and if he did not pay it he was going to kill him."

The defendant objected to this testimony "as being no part of the *res gestae,* too remote, and it was not shown but the money had not been paid if due." It is not shown whether the questions were objected to, or whether there was a motion made to strike out the testimony. Be that as as it may, we might dispose of this error upon the principle that the objection was too broad and general. Part of said testimony was clearly admissible. *Higginbotham v. State, supra; Hodge v. State,* 26 Fla. 11, 7 South. Rep. 593. However, as appears from the brief of counsel for defendant, the particular part of the testimony objected to was as to the threat made by defendant against the deceased. No error was committed in admitting this testimony. *Hodge v. State, supra; Goodwin v. State,* 96 Ind. 550. As was said in the last cited case, "it is competent for the State, in a prosecution for murder, to prove threats made by the accused against the deceased, although made a long time prior to the homicide, but in determining their weight the jury may consider their remoteness from the time of homicide." Also see 9 Amer. & Eng. Ency. of Law (1st ed.) 686, note 1; Abbott's Trial Brief (Criminal Causes), 2nd ed., 578.

The third error assigned is that "the court erred in not allowing R. T. Thrift's testimony to go to the jury in this case." This assignment, like the second, is of the most general character, and it is sufficient to say that no error was committed by the court in excluding said testimony, for the reason that the same was entirely too general, and had no bearing whatever on the issue then being tried.

The fourth error assigned is that "the court erred in

denying the motion of plaintiff in error to set aside the verdict and grant a new trial."

The grounds of said motion are to the effect that the verdict was contrary to the evidence, contrary to the law, contrary to the law and the evidence, contrary to the instructions of the court, and that the court erred in admitting the testimony of Henry Yarbrough.

We have already considered the testimony of said Yarbrough and disposed of the error based on its admission. We have carefully examined and considered all the evidence, as well as the instructions of the court, and find that the testimony was amply sufficient to sustain a verdict of murder in the first degree. There was abundant proof of the killing of the deceased by the discharge of a gun charged with gunpowder and leaden bullets, and sufficient testimony to connect the accused with said killing, if believed by the jury, as it evidently was, to authorize and warrant them in returning the verdict found. It would be profitless to set forth the testimony in detail. We are further of the opinion that the instructions given by the court below correctly set forth the law and that the verdict was in accordance therewith.

The fifth and last error assigned is that "the court erred in not setting aside the verdict of the jury. The verdict was an abuse of the *provence* of a jury to judge, consider and weigh the evidence in this case."

It is sufficient to say there is nothing in this assignment and we have already practically disposed of the same in dealing with the fourth error.

Finding no error in the record, the judgment of the Circuit Court must be affirmed, and it is so ordered.

There being an affidavit of insolvency of the defendant in the record, and an order of the Circuit Judge thereon that he be relieved of the payment of costs, it is ordered that the costs of this appellate proceeding be taxed against the county of Baker. Chapter 4401, laws of 1895.