REUBIN MARSH, PLAINTIFF IN ERROR, V. PORTER S BENNETT, M. S. MERRILL AND E. T. MERRILL, DEFENDANTS IN ERROR.

1. A deed may be valid to convey title to land even though its execution is not acknowledged or it has not been recorded. Where the original of such a deed is offered in evidence, it is error to exclude it on the ground that it is "insufficient for want of acknowledgement."

2. When in an action of ejectment a deed of conveyance is offered in evidence which describes the land mentioned in the declaration, except that it is not clear whether the number of feet stated by figures is the same as, or less than, the number of feet stated in the declaration, and it is apparent that the description in the deed covers at least a part of the land described in the declaration, the deed is not subject to the objection that it "describes an entirely different piece of land from that alleged in the declaration."

3. As a general rule objections to the introduction in evidence of a deed will not be considered by the appellate court unless such objections were made first in the trial court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the Court.

*Craig Phillips,* for Plaintiff in Error.

*Isaac A. Stewart* (with whom was *Egford Bly* on the brief) for Defendants in Error.

WHITFIELD, C. J.   Reuben Marsh brought an action of ejectment against the defendants in error in the Circuit Court for Volusia county to recover the "northeast ninety-five feet of lot two, block ten of Daytona."    At the trial, on a plea of not guilty, the plaintiff offered in evidence a tax deed which was excluded by the court and the plaintiff took a nonsuit with bill of exceptions under section 1269 Revised Statutes of 1892.    The cause was brought to this court by a writ of error which was dismissed as no final judgment appeared in the record.    Marsh v. Bennett, 46 Fla. 241. 35 South. Rep. 336.    A final judgment for the defendants was entered November 11th, 1904, and the plaintiff took a writ of error therefrom to the present term of this court.    The bill of exceptions states that at the trial by the court, a jury having been waived by the parties through their counsel, "the plaintiff to maintain the issues on his part, produced and offered in evidence a certain deed made by John W. Dickens, Clerk of the Circuit Court to Reuben Marsh."    A copy of the deed signed "John W. Dickens, (seal) Clerk of Circuit Court," and attested by two witnesses, is then given.

Counsel for the defendants objected to the introduction of the deed in evidence on the grounds (1) that the deed is not acknowledged and no proof of execution was offered, and (2) that the deed describes an entirely different piece of land from that alleged in the declaration

and in the certificate of sale attached to the deed. The court held the deed to be "insufficient for want of acknowledgement," and excluded it, to which ruling the plaintiff excepted. Error is assigned thereon.

A deed may be valid to convey title to land even though its execution is not acknowledged. Ellis v. Clark, 39 Fla. 714, 23 South. Rep. 410. The deed offered was the original of a tax deed issued to the plaintiff. So far as appears by the record it was only necessary to prove its execution to entitle it to be admitted in evidence. The transcript presents no question as to the record of the deed. The bill of exceptions does not state whether or not any proof of the execution of the deed was offered. One of the objections to the introduction of the deed in evidence was that "no proof of execution was offered;" but the judge did not exclude it on this ground. Statements in grounds of a motion must be supported by the record if a review thereof is desired. Livingston v. L'Engle, 22 Fla. 427.; Kennard v. State, 42 Fla. 581, 28 South. Rep. 858. It was error to exclude the deed on the ground that it was "insufficient for want of acknowledgement."

The original deed has been sent here under the rule for inspection by this court. The description contained in it is the same as that contained in the declaration except that it is not clear whether the number of feet stated by figures is 95 or 75. The description in the deed copied in the transcript is as follows: "N. E. 95 (75) feet of lot two, block ten, Daytona." The description in the deed offered covers at least a part of the land described in the declaration; and it was, therefore, not subject to the objection that it "describes an entirely different piece of land from that alleged in the declaration and in the certificate of sale attached to the deed." Counsel for the de-

fendant in error contends here that the description in the deed "is an absurd description, and impossible to locate." This was not made a ground of objection to the introduction of the deed, and as there has been no ruling on the point by the trial court, it will not be considered here.

The judgment is reversed at the cost of the defendants in error and the cause is remanded for a new trial.

CARTER and SHACKLEFORD, JJ., concur.

TAYLOR, P. J., and COCKRELL and HOCKER, JJ., concur in the opinion.