Burt Freeman, Plaintiff in Error, v. The State of Florida, Defendant in Error.

1. Motions to strike the whole of a witness' testimony should not be granted if any portion of it is admissible.

2. In a prosecution upon an indictment for an assault with intent to commit murder where the allegation is that the wound was inflicted "in the stomach and body," and the person assaulted testifies that "he shot me in the lower part of my stomach" such testimony should not be excluded on the ground of variance.

3. Motions in arrest of judgment reach only such errors as are apparent on the record proper. Question of variance between the allegation and proofs cannot be considered on a motion in arrest of judgment.

4. A motion in arrest of judgment is not the proper remedy for a wrong verdict.

5. Where a motion for new trial states that the court erred in refusing to give the jury charges requested by the defendant, the charges so requested and refused, and the exceptions to such refusals, should be set out in a bill of exceptions; and if they are not included in a bill of exceptions

except as they are stated in the motion for new trial, they are not properly evidenced to this court; and they cannot be considered here, especially when the motion is denied, since the statements in a motion for new trial are not self-supporting.

6. In a prosecution for assault with intent to commit murder where the record gives the name of the sole defendant and recites that the jury "being duly elected, impanelled, tried and sworn the truth to speak upon the issues joined. having heard the evidence, the charge of the court and the argument of counsel and having considered their verdict. upon their oaths do say, 'We, the jury, say the defendant is guilty of aggravated assault. So say we all. W. A. Spencer, Foreman,'" the form of the verdict is sufficient against objections that it "does not give the name of the defendant, nor state what cause is being tried, nor say what the jury had under consideration, nor that the jury have found anything after deliberating upon the evidence of the case." The use of the word "say" in the verdict instead of the usual word "find" is not material when the record shows the jury heard and considered the evidence and the charge of the court and upon their oaths returned the verdict.

7. Under an indictment for assault with intent to commit murder there may be a conviction of aggravated assault.

8. Where the evidence sustains the verdict it will not be disturbed on writ or error.

This case was decided by Division A.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*G. A. Worley, for* Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J.   The plaintiff in error was tried in the Circuit Court for Dade County upon an indictment which charged that Burt Freeman, on November 2nd, 1903, in Dade county, with a pistol loaded with leaden ball, assaulted one E. H. Campbell and "did discharge and shoot off at and against and upon the said E. H. Campbell, unlawfully and from a premeditated design to effect the death of the said E. H. Campbell, thereby and by thus striking the said E. H. Campbell in the stomach and body of the said E. H. Campbell with the said leaden ball, inflicting in and upon the said E. H. Campbell a grievous wound, with intent, from a premeditated design to effect the death of the said E. H. Campbell, him, the said E. H. Campbell to kill and murder."

The jury, returned the following verdict:   "We, the jury, say the defendant is guilty of aggravated assault. So say we all.   W. A. Spencer, Foreman."

After motions for a new trial and in arrest of judgment were overruled the court entered a judgment that: "it is the sentence of the law and the judgment of the court that you pay a fine of $100.00 and costs, and in default of the payment that you be confined at hard labor in the county jail for the period of one year."   A writ of error was taken to this judgment and sentence, returnable to the present term of this court.   The charges given by the court are embraced in the bill of exceptions.   Other charges stated in the motion for new trial to have been requested by the defendant and refused by the court appear in the motion for new trial as the motion is incorporated in the bill of exceptions, but such refused charges do not otherwise appear in the bill of exceptions.

At the trial, E. H. Campbell, the prosecuting witness, in testifying said that he was riding his wheel rather fast

along a road, and seeing defendant coming towards him he threw himself to one side to avoid striking defendant, and fell outside the road on the opposite side, that defendant passed on and stopped about fifty feet from witness, that angry words passed between them, that "I turned to pick up my wheel, and as I stooped down he shot me *in the lower part of my stomach.*" This witness testified to a number of other relevant matters.

An assignment of error is based on the refusal of the court "to rule out the testimony of this witness, Campbell, because of a fatal variance between the testimony and the allegations of the indictment."

Motions to strike the whole of a witness' testimony should not be granted if any portion of it is admissible. Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Richard v. State, 42 Fla., 528, 29 South. Rep. 413; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Markey v. State, 47 Fla. 38; 37 South. Rep. 53.

It is contended that "the allegation in the indictment alleges the wound to have been inflicted in the stomach and the testimony shows the wound to have been inflicted in another part of the body, and the court ought to have excluded the testimony of the witness upon the motion made." If this contention could be sustained a motion to strike the testimony was properly overruled, because it cannot be denied that at least a portion of the testimony given by this witness was admissible.

The indictment alleges the wound to have been made "in the stomach and body of the said E. H. Campbell." The witness testified that "he shot me in the lower part of my stomach." There is clearly no variance here.

An error is assigned on the refusal of the court to

grant the motion in arrest of judgment. The grounds of the motion are, "variance in the testimony and the allegation of the indictment," and that "the verdict is improper in form and substance and void because it fails to give any finding or find anything against the defendant, and is not in form of law and fails to give the name of the defendant."

Motions in arrest of judgment reach only such errors as are apparent on the record proper. Smith v. State, 29 Fla. 408, 10 South. Rep. 894; Caldwell v. State, 43 Fla. 545, 30 South. Rep. 814.

In considering the question of a variance between the indictment and the proof reference would necessarily be made to the evidence in the bill of exceptions and this fact precludes the making of such variance a ground for a motion in arrest of judgment. See Reynolds v. State, 33 Fla. 301, 14 South. Rep. 723.

A motion in arrest of judgment is not the proper remedy for a wrong verdict. McDonald v. State, 46 Fla. 149, 35 South. Rep. 72; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

Errors are assigned on the refusal of the court to give the charges requested by the defendant. No such requested charges appear in the bill of exceptions except as they are incorporated in the motion for new trial.

Where a motion for new trial states that the court erred in refusing to give to the jury charges requested by the defendant, the charges so requested and refused and the exceptions to such refusal should be set out in a bill of exceptions; and if they are not included in a bill of exceptions except as they are stated in the motion for new trial, they are not properly evidenced to this court, and they cannot be considered here, especially when the

motion is denied, since the statements in a motion for new trial are not self-supporting. Gray v. State, 42 Fla. 174, 28 South. Rep. 53; Kennard v. State, 42 Fla. 581, 28 South. Rep. 858; Garner v. State, 31 Fla. 170, 12 South. Rep. 638; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; White v. State, 26 Fla. 602, 7 South. Rep. 857; Marsh v. Bennett, 49 Fla. 186, 38 South. Rep. 237.

It is assigned as error that "the court erred in rendering judgment against the defendant upon the verdict rendered by the jury because the said verdict was illegal, improper in form and made no finding against the defendant."

The contention is that "the verdict is improper in form and is not legal" because it "does not give the name of the defendant, nor state what cause is being tried, nor say what the jury had under consideration, nor does it find anything." No authority is cited to sustain this contention.

Any words which convey beyond reasonable doubt the meaning and intention of a jury are sufficient, and all fair intendments will be made to support the verdict. Long v. State, 42 Fla. 612, 28 South. Rep. 855.

The record shows who the defendant was, that the plaintiff in error was the only defendant, and, considering the verdict in connection with the record, there can be no doubt that the party tried and convicted is the plaintiff in error here. Williams v. State, 45 Fla. 128, 34 South. Rep. 279.

It is also urged that "the expression 'We, the jury, say' does not carry with it the conviction that the jury have found anything after deliberating upon the evidence in the case, or from deliberating upon any evidence, or that the same is the result of an investigation had upon evi-

dence, but is simply an assertion on the part of the jury saying that the defendant is guilty of an aggravated assault."

The record shows that the jury "being duly elected, impanelled, tried and sworn the truth to speak upon the issues joined, having heard the evidence, the charge of the court and the argument of counsel and having considered their verdict upon their oaths do say, 'We, the jury, say the defendant is guilty of aggravated assault. So say we all. W. A. Spencer, Foreman.' "

This record entry which includes the form of the verdict as returned by the jury is conclusive of the facts stated therein and shows clearly that the verdict was returned by the jury after considering the case submitted to them.

The use of the word "say" instead of the word "find" is not material here since the verdict read in connection with the record means that the jury after considering the case determined that the defendant is guilty as stated in the verdict and if the intention is clearly made manifest the faulty expression will not vitiate the verdict. See Long v. State, 42 Fla. 612, 28 South. Rep. 855; Johns v. State, 46 Fla. 153, 35 South. Rep. 71.

Under an indictment for assault with intent to commit murder there may be a conviction of aggrevated assault. Pittman v. State, 25 Fla. 648, 6 South. Rep. 437; McNish v. State, 47 Fla. 66, 36 South. Rep. 175.

The verdict is sustained by the evidence.

The judgment is affirmed.

Shackleford, C. J., and Cockrell, J., concur.

Taylor, Hocker and Parkhill, JJ., concur in the opinion.