## CHARLES v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. March 6, 1914.)

No. 1238.

1. OBSTRUCTING JUSTICE (§ 16*)—INTIMIDATING WITNESSES—SUFFICIENCY OF EVIDENCE.

On a trial for endeavoring by threats and force to influence and intimidate witnesses before a United States commissioner, evidence *held* to support the verdict of guilty as to each count.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 32; Dec. Dig. § 16.*]

2. CRIMINAL LAW (§ 1144*)—APPEAL—PRESUMPTIONS IN SUPPORT OF JUDGMENT.

Where the charge as a whole was not brought up by a bill of exceptions, it would be presumed correct as to all questions other than that involved in the portion of the charge assigned as error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2764, 2766–2771, 2774–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

3. OBSTRUCTING JUSTICE (§ 18*)—INTIMIDATING WITNESSES—INSTRUCTIONS.

Where, on a trial for endeavoring by threats and force to influence and intimidate a witness before a United States commissioner, the evidence for the government showed that defendant assaulted the witness while he was on the stand and before he had been discharged as a witness, while defendant's witnesses denied the assault, an instruction that, if defendant struck the witness after he had testified to punish him for testifying, a verdict of guilty would be justified, could not be construed as meaning that the jury might find defendant guilty for acts committed after the witness had left the stand and was no longer a witness.

[Ed. Note.—For other cases, see Obstructing Justice, Cent. Dig. § 33; Dec. Dig. § 18.*]

4. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.

On a trial under an indictment charging accused in two counts with endeavoring by threats and force to influence and intimidate witnesses before a United States commissioner, where the evidence for the government showed an assault on the witness named in the first count while on the stand and showed that the acts of intimidation as to the witness named in the second count occurred after he was sworn and before he had testified, and a general verdict of guilty as to both counts was returned under which a sentence was imposed within the limit which might be imposed under one count, an instruction that, if defendant struck the wit-

nesses after they had testified to punish them for testifying a verdict of guilty would be justified, if erroneous, as authorizing a conviction for acts committed after the witness left the stand, was harmless, since it manifestly had no bearing whatever on the second count and the verdict and sentence might be referred to that count.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169; Dec. Dig. § 1172.*]

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry A. M. Smith, Judge.

L. Marvin Charles was convicted of an offense, and he brings error. Affirmed.

James H. Price, of Bennettsville, S. C., for plaintiff in error.

Ernest F. Cochran, U. S. Atty., of Anderson, S. C., and Arthur R. Young, Asst. U. S. Atty., of Charleston, S. C.

Before PRITCHARD and WOODS, Circuit Judges, and DAYTON, District Judge.

PRITCHARD, Circuit Judge. The plaintiff in error (being the defendant below, will be referred to as such) was indicted for violation of section 135 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1113 [U. S. Comp. St. Supp. 1911, p. 1628]). There were two counts in the indictment; the first charged him with endeavoring by threats and force to influence and intimidate one G. L. Blackwood in the discharge of his duty as a witness before a United States commissioner. The second count charged him with similar conduct towards Forest Blackwood, another witness before the same commissioner and at the same time. The defendant was found guilty and was sentenced to serve six months in jail and pay a fine of $2,000. To the judgment an exception was taken, and the case comes here on writ of error.

The section of the Criminal Code under which the defendant is indicted is in the following language:

"Section 135. Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or officer acting as such commissioner, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or officer acting as such commissioner, in the discharge of his duty, or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct or impede, the due administration of justice therein, shall be fined not more than one thousand dollars, or imprisoned not more than one year, or both."

The learned judge who tried the case in the court below charged the jury generally as to the law applicable under this section, but there is only one assignment of error which is to the effect that the court erred in charging the jury as follows:

"That if the defendant struck the witnesses after they had testified with the intent of punishing them for having testified, the jury would be justified in finding the defendant guilty."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is insisted by counsel for defendant that this part of the charge was improper and calculated to mislead the jury, inasmuch as the defendant was not charged with assault and battery nor for losing his temper and committing a breach of the peace.

The statute under which the defendant is indicted is intended for the protection of witnesses, jurors, and officials of the court while in the discharge of their respective duties. It was clearly the intention of Congress in the enactment of this statute to provide, among other things, for the punishment of one who by threats or otherwise might attempt to influence, intimidate, or impede one who had been called as a witness to testify as to facts within his knowledge bearing upon the guilt or innocence of the party arraigned before a United States commissioner.

It is, however, insisted by counsel that it was not the purpose of the defendant in this instance to prevent the witness from testifying against him, nor to impede the due administration of justice, but that he was actuated solely by malice and upon the impulse of the moment in committing the act with which he is charged, that the alleged assault, referred to in the first count, was committed after Blackwood had testified and was no longer a witness.

[1] It appears from the evidence of the commissioner before whom the preliminary examination was held that, while Blackwood was on the stand and before his testimony was concluded, witness heard a scuffle and saw Blackwood go out of the door after staggering from his chair; that he did not hear defendant say anything before Blackwood was struck, but immediately thereafter he heard the defendant curse the witness in his presence and saw him attempt to follow him as he left the court room; that he attempted to find Blackwood in order to have him finish his testimony, but he could not be found; that later Blackwood came back reluctantly and signed his testimony and the pay roll; that when the the second witness, Forest Blackwood, came on the stand, the defendant said:

"I know what you are here for. I am not going to have any d—n lies sworn on me. I will kill you if you do."

G. L. Blackwood, who was assaulted, testified that he appeared before the commissioner as a witness, and, among other things, testified that on that occasion he had bought two pints or a quart of liquor from the defendant at Union, S. C., in January, 1913; that, the first thing he knew, defendant hit him in the face while he was on the stand testifying; and that he heard defendant say that he would "learn" some of these people at Jonesville how to swear or he would kill some one; that he got up and went out because he thought defendant was going to shoot him; that the defendant stepped back and put his hand on his hip pocket, at which time his attorney interfered and stopped him.

Forest Blackwood, to whom reference is made in the second count, testified that he was a witness on the same occasion before the commissioners' court, and that when he went upon the stand the defendant told him that he had better be sure that he was swearing the truth and not a lie; that the defendant also told him before he went on the

stand that he was going to kill him; that he was afraid the defendant would carry out his threats; that before he went upon the stand defendant cursed him and used abusive language.

H. F. Floyd, deputy United States marshal, testified: That he was present. That he heard a scuffle while G. L. Blackwood was upon the stand, and that when he looked he saw that Blackwood had gone out of the door. That he heard the defendant tell some one, "I am not going to have any d—n lies told on me." That after the defendant struck Blackwood he put his hand behind him and that he caught him. That the commissioner ordered him to search defendant, but the defendant replied, "You can't search me without a search warrant." He heard the defendant also say to Forest Blackwood: "I know what you are here for. If you swear a d—n lie, I will kill you." That defendant picked up a picket outside and attempted to follow Blackwood. That he then came in with a stick under his coat. That this was just before the witness went on the stand.

The defendant introduced three witnesses besides himself. They testified that they were present at the hearing before the commissioner, but denied that defendant struck the witness Blackwood, but admitted that defendant did curse G. L. Blackwood while he was on the witness stand and at the conclusion of his direct testimony and before he had signed any testimony. They also admitted that the defendant told G. L. Blackwood that he had sworn a "damn lie," but testified that no blow was struck. All of the defendant's witnesses, as well as the defendant, denied positively that anything was said to the second witness, Forest Blackwood. They also testified that no words were spoken to either of the witnesses before the trial opened.

According to the evidence offered by the government, the witness G. L. Blackwood was assaulted while on the witness stand and before he had concluded his testimony. It is true that this is denied by those who testified in behalf of the defendant. However, this question was submitted to the jury and they found in favor of the government's contention.

In this connection it should be borne in mind that counsel for the government contend, in their brief, as we have already stated, that the court below charged the jury generally as to the law applicable under this section. While this does not appear in the transcript of the record, yet it is not denied by counsel for defendant, and for the purpose of disposing of this point we will assume that the contention of counsel for the government is true as respects this matter.

[2] The defendant not having brought up the charge as a whole by a bill of exception, the presumption is that the charge as to the law relating to the other questions involved was correct, and this is especially true as to the second count of the indictment; it being manifest that this paragraph of the judge's charge does not relate to that count.

[3] It should be remembered that, contrary to the rules of this court, there is no ground stated upon which to base this assignment of error. We think that the language employed by the judge in this part of his charge, when considered in the light of the facts of the

case, cannot be construed to mean that the jury might find the defendant guilty for only such acts as were committed after G. L. Blackwood had left the witness stand and was no longer a witness; it appearing that when the assault was committed on G. L. Blackwood, as charged in the first count, he was on the witness stand, and it is obvious that he was then and there assaulted for the purpose of influencing, intimidating, and impeding him while a witness, as contemplated by the section under which defendant is indicted. Blackwood had not been discharged as witness, but was still in attendance as such, and under these circumstances the conduct of the defendant was in utter defiance of the law, and from the circumstances attending the conduct of the defendant the jury had a right to infer that it was the intention of the defendant to influence, intimidate, and impede Blackwood in the discharge of the duty imposed upon him as a witness in the case then pending before the commissioner.

It is significant that the witnesses for the defendant did not deny that he cursed Blackwood at the conclusion of his direct testimony while he was still on the witness stand, and before he had been cross-examined.

[4] These witnesses, while testifying that the defendant did not strike Blackwood, admit that he told Blackwood that he had sworn a lie. Even if the court below had erred, as contended by counsel, it would be harmless error, inasmuch as this assignment only relates to the first count and does not refer to the charge made in the second count. There being a general verdict of guilty as to both counts, and it appearing that the sentence imposed in this instance does not exceed the limit which might be imposed under either of the counts, the verdict and sentence should be referred to the second count, and the judgment should be affirmed as to that count. Snyder v. United States, 112 U. S. 216, 5 Sup. Ct. 118, 28 L. Ed. 697.

As we have stated, that portion of the charge to which objection is made, in view of the evidence, has no bearing whatever upon the second count. In the second count it is alleged that an assault was made upon Forest Blackwood, and as to this count it is shown by the testimony that the acts of intimidation on the part of the defendant occurred after he was sworn and before he had testified. It is true that the defendant's witnesses deny that defendant said or did anything to Forest Blackwood; but there was a conflict of evidence as to this count, and the court therefore very properly submitted the issue thus raised to the jury for its determination, and under the circumstances the jury could not have been influenced by that portion of the charge to which objection is made in determining the guilt or innocence of the defendant for the reasons stated.

The questions of fact involved in this controversy were submitted to the jury. A careful consideration of the same leads us to the conclusion that the jury was justified in returning a verdict of guilty as to both counts.

For the reasons stated, we are of opinion that the judgment of the lower court should be affirmed.

Affirmed.